This is an appeal by the plaintiff from a judgment rejecting his demand for the payment of compensation on account of an injury sustained. The judgment is based on the fact that plaintiff was not employed in the State of Louisiana and that his injury occurred outside the State.
He alleges that some time prior to May 27, 1944, he was employed by Williams Brothers Corporation doing pipe line and construction work, which contract of employment he alleges was made in Monroe, Ouachita Parish, Louisiana, and that following his employment he worked for defendant at various and sundry points and in different states, and that on or about May 27, 1944, while working for it at or near Springfield, Tennessee, he was injured and disabled as a result of an accident suffered while acting in the course of his employment and in the course of his employer's trade and business. He alleges that defendant is engaged in general construction work and operates in various states of the Union, and that the work is hazardous; that the defendant keeps and maintains an office at Monroe, Ouachita Parish, Louisiana, and is authorized to do and is doing business in the State, although it is a foreign corporation.
He alleges that the Continental Casualty Insurance Company has issued a policy of workmen's compensation to the defendant, Williams Brothers Corporation. *Page 75 
He alleges the nature of his accident and that it happened at or near Springfield, Tennessee; that he is totally and permanently disabled; and that he is not being paid any compensation, but that compensation payments were made to him until the latter part of August, 1944.
The defendants filed a joint answer in which they denied all of the substantial allegations of plaintiff's petition and after some evidence had been taken, the defendants, reserving the right to introduce additional testimony, filed an exception of no cause and no right of action, in which they alleged that the evidence adduced shows that plaintiff was employed in the State of Tennessee and was injured in the State of Tennessee, and that any right or cause of action which he has must be prosecuted under the laws of Tennessee. This exception was overruled in the District Court and is again submitted in this court along with the merits of the case.
On June 11, 1945, the attorneys for the insurance company wrote plaintiff's attorney the following letter:
"Mr. Dhu Thompson 504 Bernhardt Building Monroe, Louisiana
Dear Sir:
Re: Rufus Gardner v. Williams Brothers Corporation
We think perhaps this matter can be better handled by a Louisiana representative of the insurance company. We are therefore writing to inquire where our file shall be sent so that the claim can be given prompt attention. The company has been anxious to pay Rufus whatever amount may be due him, but to date we have never gotten the necessary information.
Very truly yours, Hume, Howard, Davis Gale By — Mildred Lunn"
Apparently no satisfactory agreement was made about the settlement and this suit was filed on July 27, 1945.
The record in this case shows conclusively that the plaintiff was employed in the city of Monroe by a man named Roy Darton, representing C.S. Seale and Son, who had the contract for clearing the right-of-way for a pipe line, one end of which was located somewhere in the State of Texas and the other end in the State of West Virginia, and that he was transported to a point in the State of Tennessee where he worked for a short time clearing right-of-way for Seale. Some trouble came up about securing rights-of-way for the line and clearing was stopped. Plaintiff and several other of Seale's employees went over to Springfield, Tennessee, about February 21, 1944, and secured employment with defendant, Williams Brothers Corporation, where plaintiff worked helping with the actual laying of the pipe line until he was injured.
He was paid compensation at the rate of $18.00 per week until the latter part of August, 1944 (which appears to be the maximum compensation payable under the law of Tennessee).
Plaintiff contends that, because of the testimony of Roy Darton to the effect that C.S. Seale and Son were sub-contractors under Williams Brothers Corporation, the employment by Seale of this plaintiff in Louisiana had the same effect as if the employment had been by Williams Brothers Corporation in the first place, and that therefore plaintiff has a cause and right of action in the courts of Louisiana.
We are unable to agree with this contention. Williams Brothers Corporation and C.S. Seale and Son are two entirely different concerns. Plaintiff was employed by Seale. He thinks he worked first in Mississippi and then went on into Tennessee, but Mr. Darton says he took the men he hired direct to Tennessee, and that he never worked any in Mississippi. This of itself is of no importance.
When Seale had to discontinue clearing right-of-way, the men were laid off and paid up in full. After they were laid off, some of them, including plaintiff, went over to Springfield, Tennessee, where they found employment with Williams Brothers Corporation, and commenced to do entirely different kind of work. For Seale they cleared right-of-way. For Williams Brothers Corporation they helped to lay the pipe line. *Page 76 
Having reached the conclusion that the contract of employment was entered into in the State of Tennessee and the injury also occurred in that State, it is clear that the rule as laid down in Restatement of the Law of Conflict of Laws, Chapter 9, page 488, to the effect that no recovery can be had under the workmen's compensation act of a state if neither the harm occurred nor the contract of employment was made in the state, is controlling, and accordingly, the District Judge correctly dismissed plaintiff's suit.
The question here involved is fully discussed in the following cases: Durrett v. Eicher-Woodland Lumber Co., Inc., et al. 19 La. App. 494, 140 So. 867; Abood v. Louisiana Oil Refining Corporation et al., La. App., 155 So. 484; McKane v. New Amsterdam Casualty Co., et al., La. App., 199 So. 175; Williams v. Travelers Ins. Co. of Hartford, Conn., La. App.,19 So.2d 586.
For the reasons assigned the judgment appealed from is affirmed at the cost of plaintiff in both courts.