161 So.2d 368 (1964)
Donald WOODHAM, Plaintiff and Appellant,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants and Appellees.
No. 1058.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1964.
Rehearing Denied March 17, 1964.
Writ Refused May 4, 1964.
Tate & Tate, Donald J. Tate, Mamou, for plaintiff-appellant.
Dubuisson & Dubuisson, William A. Brinkhaus, Opelousas, for defendants-appellees.
Before SAVOY, TATE and HOOD, JJ.
*369 HOOD, Judge.
Plaintiff in this suit, Donald Woodham, seeks a judgment for workmen's compensation benefits under both the Louisiana and the Mississippi workmen's compensation laws, because of a disabling injury which he allegedly sustained while working for Associated Pipeline Contractors, Inc., in Grenada, Mississippi. The suit was instituted against the employer, Associated Pipeline, and the latter's compensation insurers, Travelers Insurance Company and Travelers Indemnity Company. Defendants filed an "exception to the jurisdiction of the court," alleging that the trial court lacks jurisdiction because "the contract of employment in question was entered into in Grenada, Mississippi, where the accident happened." After a hearing, judgment was rendered by the trial court maintaining that exception and dismissing the suit. Plaintiff has appealed.
Plaintiff is a resident of Ville Platte, in Evangeline Parish, Louisiana. The defendant employer, Associated Pipeline, is a foreign corporation authorized to do business in Louisiana, with agents appointed here for the service of process. In this suit service was made on that defendant in Louisiana, through its duly appointed agent for that purpose. Both of the defendant insurers are foreign insurance companies, and both are authorized to do business in Louisiana, with the Secretary of State appointed as agent of each for the service of process. Service was duly made on each of said insurers through the Secretary of State.
The evidence shows that during the year 1962, and for a number of years prior thereto, Associated Pipeline was engaged in the business of laying pipelines in a number of states and in some foreign countries. On a few occasions during the five-year period which immediately preceded the year 1962 plaintiff was employed by that company to work as a "swamper" on different pipeline projects in Louisiana, Mississippi and Alabama. He worked for that employer only a few days on each of those occasions, however, and while not working for that company, he frequently obtained work from other employers.
After leaving Associated Pipeline's employment during the latter part of the year 1961, plaintiff had no further contact with that company until August of 1962, when he wrote to Associated Pipeline at its main office in Houston, Texas, indicating that he would like to return to work for it, and inquiring as to the location of the project or "spread" on which a Mr. Singleton, one of the company's foremen, was then working. Defendant returned the letter to plaintiff with a notation on the bottom that at that time Mr. Singleton was working on a pipeline project in Grenada, Mississippi.
Upon receipt of this information plaintiff went to Grenada, Mississippi, in the hope of obtaining employment there. Upon his arrival he was informed that the project there had not been started, but that Associated Pipeline at that time was working on another project in Kentwood, Louisiana. Plaintiff then went to Kentwood, Louisiana, and upon applying to the foreman there he was hired by that foreman to work on the Kentwood project as a swamper.
After working for Associated Pipeline in Kentwood for six or seven days, he heard that the project or spread in Grenada, Mississippi, was ready to "kick off." He thereupon voluntarily quit his job in Louisiana and went back to Grenada, Mississippi, in the hope of obtaining employment on the project which was being started there. Upon his arrival in Grenada, he applied to defendant's foreman on that project, who thereupon employed plaintiff to begin work as a swamper on the Grenada project the following day. While working for Associated Pipeline in Grenada, Mississippi, on August 22, 1962, plaintiff fell into a trench and injured his back. As a result of the injuries which he sustained at that time, he has been paid workmen's compensation benefits under the Mississippi law continuously since the date of the accident, and he was receiving these payments at the *370 time of the trial of this case. He now seeks compensation primarily under the Louisiana compensation law, and alternatively under the Mississippi compensation law, for the disability he sustained as a result of that accident and injury.
Plaintiff alleges and contends that his original contract of employment was entered into in the State of Louisiana, and that thereafter he was "transferred by defendant employer from the State of Louisiana to the State of Mississippi." Defendants, on the other hand, contend that plaintiff's contract of employment was entered into in Grenada, Mississippi. All parties concede that the accident occurred in Mississippi.
The uncontradicted evidence establishes that the employer, Associated Pipeline, does not employ a regular crew of swampers on their pipeline projects, that each project is a separate operation and that the foreman of a project hires swampers and common laborers locally for each job as such workers appear at the job site for work and as they are needed. Many workers, like the plaintiff in this case, drift from project to project with the hope of obtaining employment as each new project is begun. Swampers are never transferred from one project to another and they are never assured by Associated Pipeline that they will be rehired at any other project. They merely appear at the project site at the time work is to begin and if their services are desired, the foreman on that project then hires them. No hiring is done through defendant's main office at Houston, Texas.
The trial judge concluded that the contract of employment between plaintiff and defendant was entered into in Grenada, Mississippi, and we think the evidence clearly supports that conclusion. Plaintiff, in fact, concedes in his testimony that he voluntarily quit his job in Kentwood, Louisiana, and that no one sent or transferred him from that job to the one in Mississippi.
The law is settled that no recovery can be had under the Louisiana Workmen's Compensation Act in cases where the contract of employment was not entered into in this State and where the accident did not occur in this State. Cobb v. International Paper Company, La.App. 2 Cir., 76 So.2d 460; and Reed v. Zurich General Accident & Liability Insurance Co., La.App. 1 Cir., 83 So.2d 660.
In the Cobb case, supra, the plaintiff was a Louisiana resident and the defendant employer was a foreign corporation authorized to do business in the State of Louisiana, where it had an agent for the service of process. Plaintiff had previously been employed by defendant at its Natchez, Mississippi, plant but he voluntarily quit that employment. Later he returned to the Natchez plant seeking employment, but was informed that none was available and that he would be contacted when and if he was needed. Sometime thereafter a representative of the defendant company telephoned plaintiff at his home in Louisiana and informed him by telephone that work was available at the Natchez plant. Plaintiff thereupon went to Natchez, was hired by defendant and was injured while working for it in Mississippi. Plaintiff sued in a Louisiana court claiming compensation benefits under the Louisiana Workmen's Compensation Act. The trial court sustained an "exception or plea to the jurisdiction of the court," filed by the defendant employer, based upon allegations that plaintiff was employed in Mississippi and that the accident occurred in that State. In affirming the judgment of the trial court, our brothers of the Second Circuit said:
"It is conceded, and correctly so, that where a contract of employment is entered into in this State, our Compensation Statute will be given extra territorial effect. Selser v. Bragmans Bluff Lumber Co., Inc., La.App., 146 So. 690; McKane v. New Amsterdam Casualty Co., La.App., 199 So. 175; Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803. Where neither the harm *371 occurred nor the contract of employment was made in this State, no recovery can be had under the Louisiana Workmen's Compensation Act. Restatement of the Law on Conflict of Laws, Chapter 9, § 400, page 488."
In Reed v. Zurich General Accident & Liability Insurance Co., supra, where the facts and the issues are almost identical to those presented here, the First Circuit Court of Appeal, in maintaining defendant's "exception to the jurisdiction of the court," said:
"As we have found that the contract of employment was not a Louisiana contract, and it is admitted that the accident occurred outside of the State of Louisiana, the Courts of this state are without jurisdiction. The exceptions below were correctly maintained."
Other cases which we have considered in determining the issues presented here are: Hargis v. McWilliams Co., La.App.Orl., 9 La.App. 108, 119 So. 88 (Cert. denied); Festervand v. Laster, La.App. 2 Cir., 15 La.App. 159, 130 So. 634; Durrett v. Eicher-Woodland Lumber Co., La.App. 2 Cir., 19 La.App. 494, 140 So. 867; Selser v. Bragmans Bluff Lumber Co., La.App.Orl., 146 So. 690; Abood v. Louisiana Oil Refining Corporation, La.App. 2 Cir., 155 So. 484; McKane v. New Amsterdam Casualty Co., La.App.Orl., 199 So. 175 (Cert. denied); Hunt v. Magnolia Petroleum Co., La.App. 1 Cir., 10 So.2d 109 (Cert. denied); Williams v. Travelers Insurance Company of Hartford, Conn., La.App. 1 Cir., 19 So. 2d 586 (Cert. denied); Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803; and Rushing v. Travelers Insurance Company, La.App. 2 Cir., 85 So.2d 298.
In the instant suit, since we have found that plaintiff's contract of employment was not entered into in Louisiana and that the accident did not occur in this State, we conclude that plaintiff is not entitled to recover under the provisions of the Louisiana Workmen's Compensation Act, but that his remedy or right to recover, if any such right exists, is governed exclusively by the laws of the State of Mississippi.
Plaintiff in this action, however, claims benefits under both the Louisiana and the Mississippi Workmen's Compensation Statutes. He contends that the court in which this suit was instituted has jurisdiction over the "person" of the defendants and of the "subject matter," and accordingly, that he is entitled to have the claim adjudged in the Louisiana court even though his right to recover may be governed exclusively by the Mississippi compensation law.
Each of the defendant corporations has qualified to do business in this State, and service was made in Louisiana on the agents designated by those corporations for the service of process. Under these circumstances we agree with counsel for plaintiff that the trial court has jurisdiction over the "person" of each of the defendants.
In support of his argument that the Louisiana court has jurisdiction over the subject matter of this suit, plaintiff cites Article 2 of the LSA-Code of Civil Procedure, and Article 7, Section 35, of the LSA-Constitution. The cited article of the Code of Civil Procedure merely defines the term "jurisdiction over the subject matter." Article 7, Section 35, of the Constitution provides that district courts "shall have original jurisdiction in all civil matters regardless of the amount in dispute." Plaintiff contends that, in view of these statutory and constitutional provisions and the fact that this is a civil matter, the trial court has jurisdiction over the subject matter and that it may hear and determine the case even though the Mississippi law is to be applied.
In Larson's Workmen's Compensation Law the jurisprudence on this subject is summarized as follows:
"It may be noted that this discussion is entirely in terms of `which statute applies' and not of `which state has jurisdiction.' However, the two usually coincide, since, under the rule that *372 a claim, to be valid, must follow the designated procedure, and under the requirement that only the special tribunal created by the particular state can administer claims thereunder, rights created by the compensation act of one state cannot ordinarily be enforced in another state or in a federal court.

"The statutes of Arizona, Idaho, Utah, Vermont and Hawaii expressly permit rights created under the acts of other states to be enforced by their courts or commissions, but no decisional law has grown up showing how this can be done if the filing of a claim with a specified tribunal in the other state is a condition precedent to recovery.
"However, if the compensation rights created by a state are not so tied to a particular administrative procedure, but are enforceable generally by the courts of the home state, there is no such obstacle to their being enforced in the courts of another state. Suit in Mississippi, for example, has been permitted to enforce the Louisiana compensation act, which is court-administered." (Larson's, Volume 2, § 84.20, pp. 356-357). (Emphasis added).
The law is summarized in American Jurisprudence, as follows:
"The courts of one state are not, under the provisions of the Federal Constitution, required to take jurisdiction of a claim under a workmen's compensation act of another state, to the provisions of which the parties have assented, and which limits jurisdiction of actions under it to the courts of the state of its enactment, where the provision for liability is so coupled with a provision for a special remedy to be administered by a designated tribunal with certain specified powers that the remedy must be sought in the designated tribunal." (58 Am.Jur., Workmen's Compensation, § 71, pp. 626-627). (Emphasis added).
And, in Leflar, The Law of Conflict of Laws, the author observes:
"The compensation acts of very few states provide for enforcement of claims in the regular law courts of the state, like ordinary causes of action, and always then with important differences in procedure. Nearly all the acts set up special administrative bodies, or commissions, to be the sole enforcing agencies for the acts, with appeal lying from the commission to the courts, often directly to the state's appellate courts, though sometimes to trial courts. * * * When the statutory right is inextricably bound up with the procedure set up for its enforcement, the right will have to be enforced at the place where the connected procedure is available." (Laflar, The Law of Conflict of Laws [1959], § 135, pp. 255-256). (Emphasis added).
As stated in the quoted excerpt from Larson's excellent treatise, the Mississippi Supreme Court has held that a court of that State can and may adjudicate a claim based on the Louisiana Workmen's Compensation Act, the court noting that the Louisiana Act is court-administered and its provisions are not contrary to the public policy of the State of Mississippi. See Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395. Also, the United States Court of Appeals, Fifth Circuit, held that a Federal court could hear and determine a case based on the Texas workmen's compensation law, even though the Texas compensation law is administered by the Industrial Accident Board, because it found that an action to set aside the award of the Industrial Board is "in fact a suit, not an appeal," and the trial in the State court following the decision of the Board is "de novo, wholly without reference to what may have been decided by the board." See Liberty Mutual Insurance Company v. Horton, 275 F.2d 148.
*373 The courts of Texas, on the other hand, have refused to adjudicate rights of parties which are governed by the Louisiana workmen's compensation law. See Johnson v. Employers Liability Assur. Corporation, Tex.Civ.App., 99 S.W.2d 979, and Consolidated Underwriters v. King, 160 Tex. 18, 325 S.W.2d 127. In the Johnson case one of the reasons assigned for refusing to adjudicate the case was that in Louisiana there is no board or commission to administer the act, as in Texas, and that the "courts of Texas cannot properly, with full justice to both parties, administer the Employers' Liability Act of the State of Louisiana." In Mosely v. Empire Gas & Fuel Co., 313 Mo. 225, 281 S.W. 762, 45 A.L.R. 1223, the Supreme Court of Missouri held that the courts of that State were without jurisdiction to hear and determine a case governed by the workmen's compensation law of the State of Kansas. And, in Grenier v. Alta Crest Farms, 115 Vt. 324, 58 A.2d 884, the Supreme Court of Vermont determined that neither the Industrial Relations Commission nor the courts of that State have jurisdiction over a case arising under the Massachusetts workmen's compensation laws.
We have not examined the Mississippi workmen's compensation laws because those statutes are not readily available to us. We note from recent reported decisions of the Supreme Court of Mississippi, however, that the compensation law of that State is administered by a Workmen's Compensation Commission, which is a fact-finding body but it also is apparently vested with a great deal of discretion. We gather from these decisions that an appeal from a decision of the Commission is not tried de novo in the court to which it is appealed. See Wells-Lamont Corporation v. Watkins, Miss., 151 So.2d 600; Scott Builders, Inc. v. Dependent of Layton, 244 Miss. 641, 145 So.2d 165; L. B. Priester & Son, Inc. v. Dependents of Bynum, 244 Miss. 185, 137 So.2d 907, 141 So.2d 426 and 142 So.2d 30; Holman v. Standard Oil Company of Kentucky, 242 Miss. 657, 136 So.2d 591; Scott v. Brookhaven Well Service, Miss., 150 So.2d 508; and Federal Compress and Warehouse Company v. Dependent of Clark, Miss., 152 So.2d 921.
A review of these decisions of the Mississippi court convinces us that the remedies provided for an injured workman under the Mississippi workmen's compensation law are so coupled with the administrative procedure which must be conducted before the Mississippi Compensation Commission, that a Louisiana court cannot fairly hear and determine a case governed by the Mississippi law. We know of no procedure, for instance, by which the Louisiana court could review Mississippi administrative proceedings, and if such a procedure could be worked out a court of this State could not compel the Mississippi Compensation Commission to comply with its orders or judgment. For that reason, we conclude that the trial court in this case does not have the legal power and authority to hear and determine cases which are governed exclusively by the Mississippi workmen's compensation law.
Plaintiff contends, however, that the issue of "which law applies" and whether the Louisiana court can adjudge a case governed by the Mississippi law has not been raised by the exceptions to the jurisdiction filed in this proceeding. He contends that the issues raised here are matters which should be determined on the trial of the case on its merits or pursuant to some other type of pleading, citing McKane v. New Amsterdam Casualty Co., supra (La.App., 199 So. 175), as authority for that argument.
In the McKane case, which involved a claim for compensation benefits, the foreign corporation defendant filed an exception to the jurisdiction of the court based on its assertion that the Louisiana law did not apply, and it also apparently filed an answer. The case was tried on its merits and judgment was rendered in favor of plaintiff. There was no occasion *374 for the court to rule on the exception to the jurisdiction, since the same issue was raised in the trial of the case on its merits. In its opinion, however, the court observed by way of dicta that the question of whether the Illinois or the Louisiana workmen's compensation law should apply has no bearing on the question of jurisdiction but that such a defense should be considered "on the exception of no right of action or upon the merits of the case." We agree that such a defense can be urged in the answer and can be disposed of in the trial of the case on its merits. We do not think the issue properly can be raised by an exception of no right of action, but we are convinced that it is presented squarely by an exception based on allegations that the court does not have jurisdiction over the subject matter, such as the exception which was filed in this case. The First and Second Circuit Courts apparently felt that this question was one which properly could be raised by an exception to the jurisdiction, because in the later cases of Cobb v. International Paper Company, supra, and Reed v. Zurich General Accident & Liability Insurance Co., supra, where the identical issue presented here was raised, the court disposed of each case by maintaining the exception to the jurisdiction filed therein and dismissing the suit.
Article 925 of the LSA-Code of Civil Procedure provides that one of the objections which may be raised through the declinatory exception is:
"(6) The court's lack of jurisdiction over the subject matter of the action."
In Article 2 of that Code the term "jurisdiction over the subject matter" is defined as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the thing asserted."
In this case we have determined that the Louisiana court does not have the legal power and authority to hear and determine cases governed exclusively by the Mississippi workmen's compensation law. We think this issue is properly raised by the declinatory exception filed by the defendants herein, in which they urge the court's lack of jurisdiction over the subject matter of the action. In our opinion the trial court correctly maintained the exception to the jurisdiction of the court and dismissed the suit.
For the reasons herein set out, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.