AYRES, Judge.
This is an action for workmen’s compensation wherein, for injuries allegedly sustained in defendant’s employ, plaintiff seeks to recover from his former employer compensation for total and permanent disability at the maximum statutory rate. Plaintiff also seeks to recover hospital and medical expenses allegedly incurred in the treatment of his injuries, as well as statutory penalties and attorney’s fees. From a judgment rejecting plaintiff’s demands, this appeal was taken.
Plaintiff complains that while in the employ of defendant, who is a resident of and domiciled in Caddo Parish, Louisiana, on defendant’s ranch, or farm, in Harrison County, Texas, he sustained accidental injuries on September 5, 1966, and May 16, 1967, of such a nature and extent as to render him permanently and totally disabled as the term “disability” is defined in the statute LSA-R.S. 23:1021 et seq.
The defenses are of a twofold character. Defendant contends (1) that plaintiff was hired in Texas to work in that State, and (2) that plaintiff sustained no accidental injuries; nor was he disabled in his employ. We have not been favored with written reasons for the basis of the trial court’s action in rejecting plaintiff’s demands. Nevertheless, from plaintiff’s assignment of errors, we conclude the court found merit in both defenses, for in the assignment it is contended that the court erred in failing to find (1) that the courts in this State had jurisdiction, (2) that plaintiff was involved in two related accidents, and (3) that plaintiff’s employment entailed work of a hazardous nature. Consequential errors predicated upon the conclusions reached on the aforesaid are a failure of the court to find plaintiff disabled or to award him compensation at the maximum statutory rate, and to assess penalties and attorney’s fees against defendant.
Plaintiff was employed during June, 1966, as a ranch and farm hand. The duties of his employment required the use of tractors and other farm equipment.
An important question to be resolved is whether the contract of hiring was a Louisiana or a Texas contract. Resolution of this question determines whether plaintiff’s employment is governed by the laws of Louisiana or those of Texas.
*158 The jurisprudence is well established that recovery cannot be allowed under the Workmen’s Compensation Act of Louisiana in cases where the contract of employment was not entered into in this State and where the accident did not occur in this State. Woodham v. Travelers Insurance Company, 161 So.2d 368 (La.App., 3d Cir. 1964 — writ refused); Reed v. Zurich General Accident & Liability Ins. Co., 83 So.2d 660 (La.App., 1st Cir. 1955); Cobb v. International Paper Company, 76 So.2d 460 (La.App., 2d Cir. 1954) ; Gardner v. Williams Brothers Corporation, 28 So.2d 74 (La.App., 2d Cir. 1946). Nor do the courts of this State have authority to grant workmen’s compensation under the provisions of another state’s workmen’s compensation statutes. Woodham v. Travelers Insurance Company, supra. Moreover, it appears appropriate to point out that plaintiff has not sought payment of compensation under the Texas statutes. Nor would the laws of Texas avail plaintiff anything, for such injuries are not compensable in that State. See Vernon’s Annotated Revised Civil Statutes of the State of Texas, Art. 8306, Sec. 2, with respect to that State’s workmen’s compensation law, where it is provided:
“The provisions of this law shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by domestic servants, farm laborers, ranch laborers, nor to employees of any firm, person or corporation having in his or their employ less than three (3) employees * *
In the instant case, the locality where the contract of employment was entered into is a matter upon which plaintiff and defendant disagree. No other person witnessed the hiring of plaintiff by defendant. Plaintiff appeared in Shreveport in response to defendant’s newspaper advertisement for a farm hand. Plaintiff contends that he was hired in Louisiana, whereas defendant contends the contract of hiring was entered into in Texas. Both agree that defendant carried plaintiff to his ranch and, after viewing the premises and disclosing the nature of the work to be done, offered to employ him. This offer, defendant says, was accepted at the ranch; plaintiff says the offer was not accepted until he and defendant returned to Shreveport.
Reason and logic are with defendant. The court held that the contract of employment was a Texas contract, entered into in Texas, and contemplated services to be performed in that State.
Discrepancies in and contradictions of plaintiff’s testimony, such as denials and then admissions with respect to prior injuries, serve to weaken and discredit his testimony and raise serious doubts as to the weight to which his statements are entitled. We are in accord with the conclusions reached by the trial court; we find no basis for disagreement.
In view of the conclusions reached as to the first defense, we pretermit any discussion of the second as unnecessary.
The judgment is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.