276 So.2d 406 (1973)
Frank M. SPARKS et al., Plaintiffs-Appellants,
v.
PYBURN DRILLING CO. et al., Defendants-Appellees.
No. 12062.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
*407 Johnston, Johnston & Thornton, by James J. Thornton, Jr., Shreveport, for plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts, by Wilton H. Williams, Jr., Shreveport, for defendants-appellees.
Before BOLIN, PRICE and HEARD, JJ.
HEARD, Judge.
This action for workmen's compensation benefits was filed by Frank Mathis Sparks on behalf of his son, Frank Maxie Sparks, as a result of injuries allegedly sustained by the latter while working around Lewisville, Arkansas. Named defendants are Maxie's employer, Pyburn Drilling Company, and its liability insurer, Bituminous Casualty Corporation. Plaintiff contends his contract of employment was a Louisiana contract making the resulting accident subject to Louisiana's compensation act.
Defendants answered admitting Maxie sustained an injury while in the course and scope of his employment but deny that he is entitled to any benefits under the Louisiana act as Bituminous Casualty has paid and is paying compensation benefits under the Arkansas act. Defendants filed a motion for summary judgment alleging that since Maxie was hired in Texas and injured in Arkansas he has no cause of action against them under Louisiana's compensation act and the courts of Louisiana are therefore without jurisdiction over his claim. Attached to the motion was the deposition of Maxie Sparks, which was the only evidence introduced. The trial court granted the motion and dismissed plaintiffs' suit finding Maxie's employment was continuous from his hiring in Texas until his injury in Arkansas. This appeal was then perfected.
Maxie's deposition gave the following facts: he was living in Teneha, Texas with his parents and secured a job as roughneck with Pyburn through one of its drillers to work on a well near Longview, Texas. After the well was abandoned as a dry hole, Maxie found other employment but kept in touch with Mr. Risinger, tool pusher on the Longview job, as he wanted to return to work for Pyburn. The opportunity arose, and Risinger told Maxie to come to his home early the next morning. There was a welding truck belonging to Pyburn at Risinger's home which Maxie drove to Mt. Lebanon, Louisiana, where he began to work on a well there. He worked just over a month when his driller, Mr. Lord, was transferred to Lewisville, Arkansas. Less than a week later, the new driller, Charlie Cates, was also transferred to Lewisville, and, as there was an opening on his crew, Maxie went to work on that job, leaving before the Mt. Lebanon well was completed. He helped pick up equipment at Mt. Lebanon and move it to the new well location but did not begin drilling *408 there immediately because of rain. After about a week at home he returned to work at Lewisville where he was subsequently injured.
The key question to be resolved is whether there was a Louisiana contract of hiring for the Arkansas job subsequent to Maxie's initial contract in Texas. Resolution of this question determines whether or not Maxie's employment is governed by the laws of Louisiana.
The jurisprudence is well settled that recovery cannot be allowed under the Louisiana Compensation Act in cases where the contract of employment was not entered into in this state and where the accident did not occur in this state. Gray v. Decker, 229 So.2d 156 (La.App., 2d Cir. 1969); Woodham v. Travelers Insurance Company, 161 So.2d 368 (La.App., 3d Cir. 1964).
Herein we find, as did the trial judge, that Maxie's employment with Pyburn was continuous from the time he was hired by Risinger in Carthage, Texas to drive the truck to Mt. Lebanon, until his injury in Arkansas. While there is some testimony he may have been hired just for the Mt. Lebanon job and would have gone home had he not gone to Arkansas, there is no evidence to show his employment with Pyburn terminated and his simultaneous rehiring. The Mt. Lebanon job was incomplete when he left and Risinger, who hired him, continued on the Mt. Lebanon job until it was completed. There was admittedly no interruption in actual employment. Therefore, there was no Louisiana contract of hiring. The Woodham case, supra, cited by plaintiffs in support of their contentions is inapposite. The factual situation there involved a swamper who voluntarily left his job in Louisiana to seek a job with the same employer in Mississippi where he was hired and subsequently injured. Swampers were never transferred from one job to another but drifted from project to project with the hope of obtaining employment as each job began. Maxie, however, worked continuously for Pyburn and at no time was he off its payroll. He did not quit working for Pyburn in Louisiana and then apply for another job with them in Arkansas.
For the reasons stated, the judgment sustaining the motion for summary judgment dismissing plaintiffs' suit is hereby affirmed at appellants' cost.