347 So.2d 911 (1977)
Theodore Henry FORMAN, III, Plaintiff-Appellant,
v.
DEATON, INC., Defendant-Appellee.
No. 6056.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
*912 Kramer & Davis by James D. Davis, Alexandria, for plaintiff-appellant.
Falkenheiner, Calhoun & Murray by George C. Murray, Jr., Vidalia, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
GUIDRY, Judge.
This is a suit for workmen's compensation benefits wherein plaintiff seeks a judgment under the Louisiana Workmen's Compensation Act. Plaintiff, a resident of Concordia Parish, seeks compensation for injuries he allegedly sustained as a result of a vehicular accident near Cullman, Alabama. Plaintiff alleges he was employed by the defendant, an Alabama corporation, as a contract driver and was at the time of the accident working within the course and scope of his employment. Defendant filed several declinatory exceptions objecting to the (1) insufficiency of service of process; (2) improper venue; (3) lack of jurisdiction over the defendant; and (4) lack of jurisdiction over the subject matter. Defendant also filed a dilatory exception of vagueness. After a trial of the exceptions the trial court, without assigning reasons, rendered judgment sustaining the exceptions of lack of jurisdiction and dismissed the plaintiff's suit. The formal judgment rendered and signed by the trial court makes no order or decree in reference to the other exceptions. Consequently, the issues presented by these exceptions are not before us and we will express no opinion in regard thereto. Plaintiff appeals.
At the trial of the exceptions the parties entered into the following stipulations of fact:
"1. That plaintiff, THEODORE HENRY FOREMAN, III, is a resident of and domiciled in Concordia Parish, Louisiana, both now and at all times material to this suit.
2. That DEATON, INC. does business in the State of Louisiana.

*913 3. That, at all times material to this suit, the CT Corporation System, 1300 Hibernia Building, New Orleans, Louisiana, was the registered agent for service of process on DEATON, INC. and that both the registered Louisiana Office and the principal Louisiana Office of DEATON, INC. was situated in New Orleans, all as shown from the letter from the Louisiana Secretary of State, dated November 23, 1976, attached as Exhibit `A'.
4. That plaintiff has brought this suit under the Louisiana Workmen's Compensation Law.
5. That the complained of accident occurred in the State of Alabama.
6. That, at all times material to this suit, the agreement between DEATON, INC. and THEODORE FOREMAN, with addendums nos. 1-3, all dated 11 March 1976, was the only contract or agreement by and between plaintiff and defendant, a copy of which agreement is attached as Exhibit `B'.
7. That the agreement described in paragraph 6 above, and attached as Exhibit `B', was made and signed in the State of Alabama."
The only other evidence introduced was plaintiff's exhibits A and B. Exhibit A is a letter from the Louisiana Secretary of State showing that the defendant has appointed a registered agent for service of process. Exhibit B, which is the alleged employment contract between plaintiff and defendant, is designated as a lease agreement. Pursuant to this agreement the defendant leased to the plaintiff a diesel tandem and trailer in consideration for which the plaintiff agreed to furnish all labor to operate the diesel truck and to perform all services necessary in the transportation of such commodities as the defendant may provide.
Plaintiff's principal contention is that the trial court erred in sustaining the defendant's exception of lack of jurisdiction over the subject matter.
It is well settled in the jurisprudence of this state that recovery cannot be allowed under the Louisiana Workmen's Compensation Act in cases where the contract of employment was not entered into in this State and where the accident did not occur in this State. Gray v. Decker, 229 So.2d 156 (La.App. 2nd Cir. 1969); Woodham v. Travelers Insurance Company, 161 So.2d 368 (La.App. 3rd Cir. 1964), writs refused May 4, 1964; Sparks v. Pyburn Drilling Co., 276 So.2d 406 (La.App. 2nd Cir. 1973).
In the instant suit plaintiff admits that his alleged contract of employment was entered into in Alabama and that the accident occurred in Alabama. Accordingly, we agree with the trial court's determination that the plaintiff is not entitled to recovery under the provisions of the Louisiana Workmen's Compensation Act. Obviously, the plaintiff's remedy or right to recovery, if any such rights exist, is governed exclusively by the laws of the State of Alabama.
Plaintiff, in arguing that the trial court erred in sustaining the defendant's exception to the jurisdiction of the court relies on the case of Smith v. Glove Indemnity Company, 243 So.2d 882 (La.App. 1st Cir. 1971).
In Smith, supra, the question presented was whether a Louisiana court had jurisdiction over the subject matter to apply a foreign workmen's compensation statute in a suit by a Louisiana resident against a non-resident workmen's compensation insurer. The accident and employment occurred in another state. Having determined that it could exercise jurisdiction over the person since the insurer was authorized to do and was doing business in Louisiana, the court in Smith, supra, further determined it could exercise jurisdiction over the subject matter. The court found in Smith, supra, that it had jurisdiction to apply the foreign workmen's compensation statute, wherein the plaintiff had sought benefits under the foreign state's workmen's compensation law. In so concluding the court in Smith, supra, stated at page 891:
"Fundamental reasons of practicality prompt our assumption of jurisdiction of *914 claims for workmen's compensation predicated on accidents arising in foreign jurisdictions. We are aware that a vast number of both highly skilled and semi-skilled workers are employed in industrial, scientific, technological and other construction projects in our now complex society. Mobility of such employees is as vital to the employees' ability to earn a livelihood as it is to the employer who must depend upon the availability of such workmen to fulfill construction contracts. It is common knowledge that construction workmen must move upon the completion of each project. We can readily see that in many instances considerable financial hardship would be imposed upon an injured employee to require that, in every case, recovery of compensation be restricted to the state in which the accident occurred. The economic factors involved weigh heavily in favor of the injured employee. The employee has neither the funds, resources nor facilities normally possessed by and available to the insurer."
Considering the facts of the instant matter it is clear that the trial court has jurisdiction over the person of the defendant. The defendant qualified to do and was doing business in Louisiana, and had appointed a registered agent for service of process. However, it is just as clear that the trial court correctly found that it could not exercise jurisdiction over the subject matter. The jurisprudence is to the effect that Louisiana courts, when the plaintiff seeks workmen's compensation under the laws of a foreign state, may apply the foreign workmen's compensation statute, even though the contract of employment was not entered into in Louisiana and the accident did not take place in this state. Smith v. Globe Indemnity Company, supra. Such is not the situation in the case at bar. Plaintiff's petition seeks recovery exclusively under the Louisiana Workmen's Compensation Act, and accordingly the trial court correctly concluded it was without jurisdiction to hear and determine the case applying Alabama law.
Able counsel for appellant further argues that the trial court erred because he contends the issue as to which law applies and whether a Louisiana court can adjudge this matter must be decided pursuant to an exception of no cause of action or after trial on the merits and cannot be considered on an exception to jurisdiction. This very same contention was presented to this court in Woodham v. Travelers Insurance Company, 161 So.2d 368 (La.App. 3rd Cir. 1964), writ refused, 246 La. 88, 163 So.2d 360. In finding no merit in such contention, Judge Hood, speaking for the court stated:
"Plaintiff contends, however, that the issue of `which law applies' and whether the Louisiana court can adjudge a case governed by the Mississippi law has not been raised by the exceptions to the jurisdiction filed in this proceeding. He contends that the issues raised here are matters which should be determined on the trial of the case on its merits or pursuant to some other type of pleading, citing McKane v. New Amsterdam Casualty Co., supra, La.App., 199 So. 175, as authority for that argument.
In the McKane case, which involved a claim for compensation benefits, the foreign corporation defendant filed an exception to the jurisdiction of the court based on its assertion that the Louisiana law did not apply, and it also apparently filed an answer. The case was tried on its merits and judgment was rendered in favor of plaintiff. There was no occasion for the court to rule on the exception to the jurisdiction, since the same issue was raised in the trial of the case on its merits. In its opinion, however, the court observed by way of dicta that the question of whether the Illinois or the Louisiana workmen's compensation law should apply has no bearing on the question of jurisdiction but that such a defense should be considered `on the exception of no right of action or upon the merits of the case.' We agree that such a defense can be urged in the answer and can be disposed of in the trial of the case on its merits. We do not think the issue properly can be raised by an exception of no *915 right of action, but we are convinced that it is presented squarely by an exception based on allegations that the court does not have jurisdiction over the subject matter, such as the exception which was filed in this case. The First and Second Circuit Courts apparently felt that this question was one which properly could be raised by an exception to the jurisdiction, because in the later cases of Cobb v. International Paper Company [La.App. 2 Cir., 76 So.2d 460], supra, and Reed v. Zurich General Accident § Liability Insurance Co. [La.App. 1 Cir., 83 So.2d 660], supra, where the identical issue presented here was raised, the court disposed of each case by maintaining the exception to the jurisdiction filed therein and dismissing the suit.
Article 925 of the LSA-Code of Civil Procedure provides that one of the objections which may be raised through the declinatory exception is:
'(6) The court's lack of jurisdiction over the subject matter of the action.'
In Article 2 of that Code the term `jurisdiction over the subject matter' is defined as `the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the thing asserted.'
In this case we have determined that the Louisiana court does not have the legal power and authority to hear and determine cases governed exclusively by the Mississippi workmen's compensation law. We think this issue is properly raised by the declinatory exception filed by the defendants herein, in which they urge the court's lack of jurisdiction over the subject matter of the action. In our opinion the trial court correctly maintained the exception to the jurisdiction of the court and dismissed the suit."
Accordingly, we conclude, as in Woodham, supra, that the exception to jurisdiction filed in the instant case is the proper procedural vehicle to put at issue the question as to whether the courts of Louisiana have the legal power and authority to hear and determine this cause.
Although we have determined that the trial court was without jurisdiction, we observe that the judgment sustaining the exception to jurisdiction should have allowed plaintiff leave to amend his petition so as to remove the objection if possible. As set forth in LSA-C.C.P. Articles 932 and 933, when the grounds of the objections pleaded in either the declinatory or dilatory exception may be removed by amendment of the petition or other action of the plaintiff, ". . . the judgment, sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court." If the grounds of the objection cannot be removed or, if the plaintiff fails to comply with an order requiring such removal within the delay allowed by the court, the suit will be dismissed. LSA-C. C.P. Articles 932 and 933.
In the instant matter the district court, after a hearing on the exceptions rendered judgment dismissing plaintiff's suit at his costs. In our opinion the trial court erred in dismissing the suit without first affording the plaintiff an opportunity to cure the objection to jurisdiction, if he can, by an amendment to the petition. In particular, in not allowing him to amend his petition to seek workmen's compensation benefits under Alabama law. See Louisiana Power and Light Company v. Ursin, 334 So.2d 559 (La.App. 4th Cir. 1976).
For the above and foregoing reasons the judgment of the trial court sustaining the exceptions to the court's jurisdiction and dismissing plaintiff's suit is reversed and this matter is remanded to the trial court with instructions to enter an order sustaining the exception of jurisdiction subject however to plaintiff being allowed a delay to be fixed by the trial court within which to amend his petition so as to remove the objection to jurisdiction if he can. All costs of this appeal to be assessed one-half to plaintiff-appellant and one-half to defendant-appellee. All other costs to await the final disposition of this matter.
REVERSED AND REMANDED.