360 So.2d 1371 (1978)
Cecil E. BOOTHE, Plaintiff-Appellee-Appellant,
v.
UNIVERSAL TANK AND IRON WORKS, INC., et al., Defendants-Appellants-Appellees.
No. 6556.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
Rehearing Denied August 15, 1978.
Gold, Little, Simon, Weems & Bruser, Eugene J. Sues, Alexandria, for defendants-appellants-appellees.
Reeves & Owens, Jack F. Owens, Jr., Harrisonburg, for plaintiff-appellee-appellant.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
In this suit to recover workmen's compensation benefits, the threshold issue is whether the trial court erred in refusing to sustain defendants' exception to subject matter jurisdiction.
Plaintiff is apparently a Louisiana domiciliary. On or about September 9, 1974, he *1372 called Universal Tank and Iron Works, Inc., at its Indiana office on the telephone from Louisiana. He spoke to Mr. Clyde Burnes, Field Superintendent, in order to solicit employment as a welder. He was informed that the corporation had some openings for welders, and he was told to report to a job site at Mulkeytown, Illinois. The plaintiff reported to the job site and worked for several days. However, on September 23, 1974, he slipped and fell during the assemblage of a water tank. Plaintiff was hospitalized in Illinois for a period and collected compensation benefits under Indiana law. He eventually returned to Louisiana.
Suit was filed in Louisiana on September 22, 1975, in order to collect benefits under the Louisiana Workmen's Compensation Law and in tort. Made defendants were Universal Tank and Iron Works, Inc., Universal Construction Company, Inc., Aetna Life and Casualty Company, and Lynn Gabriel, the job foreman. Aetna answered the petition, and Universal Tank and Iron Works, Universal Construction Company, and Lynn Gabriel excepted to the personal jurisdiction of the Court, as well as to the sufficiency of service of process.[1]
By joint motion between all the parties, the cause of action in tort was dismissed. In an amendment to the exception of jurisdiction, defendants, this time including Aetna, raised the exception of subject matter jurisdiction, contending that the contract of employment was not a Louisiana contract.[2]
After a hearing, the trial court rejected the exception of subject matter jurisdiction, finding that the employment contract was a Louisiana contract, and allowed plaintiff's case to go to trial. In due course, judgment was rendered in favor of plaintiff and against Aetna and Universal Tank and Iron Works for compensation benefits.[3] Plaintiff and defendants have appealed.
We feel that the trial court erred in rejecting defendants' exception to subject matter jurisdiction. After reviewing the evidence taken in this regard, it is apparent that the contract of employment involved here is not a Louisiana contract.
Two witnesses testified at the hearing on this issue: the Field Superintendent, Clyde W. Burnes, and plaintiff, Cecil Boothe. Burnes testified that on or about September 9, 1974, plaintiff called him at the company's Indiana office, seeking employment as a welder. He stated that he informed plaintiff of job openings. He suggested that if plaintiff wanted a job, it was necessary to report to the job foreman at the job site in Mulkeytown, Illinois. Although he admitted that his position in the company would allow him to hire and fire, he also stated that it was the job foreman who usually exercised such authority over workers in the field. He further testified that before someone was actually hired, a welding test may be required, and, of course, an application form, a W-4 form, and a state tax form would have to be filled out.
Plaintiff's testimony was largely consistent with that of Burnes. Plaintiff testified that he did not go into any office located in Louisiana for the job and that he did not receive an application for employment in Louisiana. He stated that the information required on the company's application was given to the job foreman at the Illinois site and that the formal application was filled out and submitted to the foreman at the Illinois site. He admitted that the telephone call to Mr. Burnes was initiated in *1373 Louisiana. He testified that the call was brief. The only information solicited by Burnes, according to plaintiff, was whether plaintiff was a welder. He also stated that all of the work that he did for the company was done in Illinois, from the date of hiring until the date of injury. He admitted that he gleaned from the telephone conversation that his employment was contingent upon going to Illinois, reporting to the job foreman on the job site, and demonstrating the ability to weld. Plaintiff did qualify his testimony, however, by stating that he felt that he had the job when he left Louisiana.
Additionally, we note that there was no evidence introduced at the hearing relative to any operations of the employer in Louisiana.
We think it clear, under the facts and circumstances of this case, that the contract of employment was not a Louisiana contract. Cobb v. International Paper Company, 76 So.2d 460 (La.App.2nd Cir. 1954). The only contact Louisiana has in this entire event is the fact that a Louisiana domiciliary initiated a telephone call from Louisiana to an Indiana employer. There is no indication that either the employer or employee ever intended the contract of employment to be a Louisiana contract. Williams v. Travelers Insurance Company of Hartford, Conn., 19 So.2d 586 (La.App.1st Cir. 1944), writ of error refused, January 15, 1945. There is also no indication that plaintiff would ever have worked in Louisiana for the defendant-employer or that the defendant-employer ever conducted any business activities in Louisiana. As defendants point out, all of the essential ingredients which usually proceed an employment relationship, such as an interview, filling out a job application form, and completing the necessary wage and tax forms, were all performed outside of the state of Louisiana.
Having determined that the contract was not a Louisiana contract, we now move to the effect of this conclusion with reference to defendants' exception to subject matter jurisdiction. Plaintiff sought relief in his petition under the Louisiana Workmen's Compensation Law. In order for Louisiana's compensation statutes to be applicable in this case, either the contract of employment must have been entered into in Louisiana, or the accident must have occurred in Louisiana.[4] Neither condition is present here. We also note that defendants properly raised this issue via the declinatory exception to subject matter jurisdiction. E. g., Forman v. Deaton, Inc., 347 So.2d 911 (La.App.3rd Cir. 1977); Woodham v. Travelers Insurance Company, 161 So.2d 368 (La.App.3rd Cir. 1964), writ denied 246 La. 88, 163 So.2d 360 (1964); Cobb v. International Paper Company, supra. Since the contract of employment was entered into outside of Louisiana and the accident occurred outside of Louisiana, we conclude that the trial judge was in error by failing to sustain the exception to subject matter jurisdiction. Accordingly, the judgment will be reversed.
However, simply because this declinatory exception should have been sustained, it does not necessarily follow that plaintiff's suit should be dismissed. As we stated in Forman v. Deaton, supra, a case whose facts are similar to those involved here, the judgment sustaining the exception to jurisdiction should allow plaintiff leave to amend his petition so as to remove the objection, if possible. Only if the grounds for the objection cannot be removed or, if the plaintiff fails to comply with an order requiring such removal within the delay allowed by the court, will the suit be dismissed. La.Code of Civil Procedure Articles 932 and 933. Accordingly, we will remand *1374 this case to the trial court for the purpose of allowing plaintiff to amend his petition; and, if such amendment is effected, for further proceedings. As was specified in Forman, the petition should be amended in order to seek recovery under the compensation laws of the appropriate state.
For the above reasons, the judgment of the District Court is reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein. Costs are to await the ultimate outcome of the litigation.
REVERSED AND REMANDED.
WATSON, J., concurs in the result.
NOTES
[1] We will not discuss the merits of these exceptions because no issue of them is raised on appeal, and the actions taken by defendants in requesting relief from the court in various matters would have waived these in any event.
[2] This exception was not waived by the filing of prior declinatory exceptions under the express terms of Article 925 of the Louisiana Code of Civil Procedure.
[3] Universal Construction Company, Inc., although a related company, was apparently not the employer of plaintiff and was not cast in judgment. Lynn Gabriel, the job foreman, also was not cast in judgment.
[4] This hard and fast rule has been modified somewhat by a 1975 amendment to La.R.S. 23:1035.1. We discussed this amendment in Stapleton v. Travelers Insurance Co., 359 So.2d 1051 (La.App. 3rd Cir. 1978). Although in Stapleton we found that the amendment liberalized the prior rule, the facts of Stapleton were quite different from those involved here. In any event, we note that the new amendment would have no application here because the accident in question happened before its effective date.