375 So.2d 186 (1979)
Robert JERRY, Plaintiff-Appellee,
v.
YOUNG'S WELL SERVICE et al., Defendants-Third-Party Plaintiffs-Appellants.
No. 13904.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
*187 Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Shreveport, for Young's Well Service & Tri-State Ins. Co., defendants-third-party plaintiffs-appellants.
Charles E. McConnell, Springhill, for Robert Jerry, plaintiff-appellee.
Mayer, Smith & Roberts by George T. Allen, Jr., Shreveport, for Lewisville Treatment Plant & St. Paul Ins. Co., third-party defendants-appellees.
Before PRICE, HALL and JONES, JJ.
PRICE, Judge.
This is an appeal from a judgment dismissing defendants' third party demands against the plaintiff's former employer and his compensation insurer by the sustaining of exceptions to the personal jurisdiction over these parties.
Robert Jerry brought this suit against Young's Well Service, Inc., an Arkansas corporation, and its insurer, Tri-State Insurance Company, for benefits under the Louisiana Workmen's Compensation Act for an injury he sustained in an accident which occurred November 16, 1977, in Caddo Parish, Louisiana, during his employment with Young's Well Service. Young's Well Service and Tri-State Insurance filed a third party demand for contribution against Lewisville Treatment Plant and its insurer, St. Paul Insurance Company. They alleged that Robert Jerry was injured in the course of his employment by Lewisville on November 1, 1977, while working in Arkansas, and that this accident was a contributing cause of the disability suffered by Jerry. Lewisville Treatment Plant, a sole proprietorship owned by Tommy Earl Young and domiciled in Lewisville, Arkansas, filed declinatory exceptions to the third party demand objecting to the lack of both jurisdiction over the subject matter and over the person. St. Paul, a foreign insurance company authorized to do and doing business in the state of Louisiana, filed exceptions asserting that the court lacked subject matter jurisdiction and that third party plaintiffs had no right of direct action against it. After a trial of the exceptions, the court sustained the exception of lack of in personam jurisdiction filed by Lewisville and the exception of no right of direct action filed by St. Paul. The exceptions of lack of subject matter jurisdiction were overruled.
*188 Third party plaintiffs have appealed and third party defendants have answered the appeal, asking this court to sustain the exception of lack of subject matter jurisdiction. We conclude the trial court was correct in dismissing the third party demands, but was in error in overruling the exceptions of lack of subject matter jurisdiction.
At the trial of the exceptions, the parties entered into the following stipulations of fact:
(1) Tommy Young d/b/a Lewisville Treatment Plant is not licensed to do business in the state of Louisiana, has no agent for service of process in the state of Louisiana, and has done work on one oil well in Louisiana on one occasion, which is the only time it has ever done any work of any kind in the state of Louisiana;
(2) original plaintiff was not a resident of the state of Louisiana at the time he began working for Young's Well Service, Inc., or Lewisville Treatment Plant; and
(3) plaintiff never did any work of any kind in the state of Louisiana as an employee of Lewisville Treatment Plant.
Young's Well Service and Tri-State Insurance contend Robert Jerry suffered a prior injury in the course of his employment with Lewisville Treatment Plant, and that the two successive accidents were each contributing causes of the ultimate disability of Robert Jerry. For this reason they demand contribution from Lewisville and St. Paul for one-half the sum that they may be held to owe Robert Jerry in compensation benefits.
It is well established that Louisiana courts do not have jurisdiction to apply the Louisiana Workmen's Compensation Act where, as in this case, the employment contract and the accident occurred outside of Louisiana. See Babineaux v. Southeastern Drilling, 170 So.2d 518 (La.App.3d Cir. 1965); Woodham v. Travelers Insurance Company, et al., 161 So.2d 368 (La.App.3d Cir. 1964), writ refused, 246 La. 88, 163 So.2d 360; Cobb v. International Paper Company, 76 So.2d 460 (La.App.2d Cir. 1954). Nevertheless, the trial court overruled the exception to the lack of jurisdiction over the subject matter believing that it could apply the Arkansas Workmen's Compensation Act under the holding of Forman v. Deaton, 347 So.2d 911 (La. App.3d Cir. 1977). The appellate court there held that Louisiana courts may have jurisdiction in certain cases to apply foreign workmen's compensation statutes, even where the employment contract was entered into and the accident happened outside of Louisiana. The holding in Forman is based on an analysis of Smith v. Globe Indemnity Company, 243 So.2d 882 (La. App. 1st Cir. 1971). A closer reading of Smith indicates that Louisiana courts are given discretion to hear a cause of action for workmen's compensation under laws of foreign states only "if statutory right to recover under a foreign act is not inextricably connected with foreign administrative procedure."
Enforcement of the Arkansas Workmen's Compensation Act is assigned primarily to an administrative commission. This commission is empowered to conduct investigations and hearings "to best ascertain the rights of the parties" without strict compliance with statutory rules of evidence or procedure. Although the commission's actions are subject to judicial review, we feel this broad discretion afforded to it, together with other provisions relating to the administration of the compensation law by the commission, renders any remedy available to third party plaintiffs inextricably bound to the administrative procedures of that commission.
Third party plaintiffs contend their right of contribution does not emanate from the compensation statute, but from La.C.C. Art. 2103[1] and cite Lum v. Tri-State Insurance *189 Company, 252 So.2d 157 (La.App.2d Cir. 1971) in support thereof. The discussion of contribution under La.C.C. Art. 2108 in Lum was prefaced by a finding that the claimant had suffered two successive accidents, both of which were causally related to his disability and were compensable under the Louisiana compensation statute. In Lum both accidents occurred in Louisiana while the claimant was under Louisiana employment contracts, thus conferring subject matter jurisdiction to the court. The instant case concerns itself with two successive injuries which may well be causally related to Mr. Jerry's alleged disability, but both injuries are not compensable under the Louisiana statute, and the court is without subject matter jurisdiction to hear the case under the Arkansas statute. Therefore, the Lum decision does not lend support to third party plaintiffs' position that their right of contribution has a source wholly independent of the workmen's compensation statute.
For the foregoing reasons we are of the opinion the trial court did not have jurisdiction over the subject matter of the third party demand. Consideration of the remaining specifications of error therefore are unnecessary.
The provisions of the judgment appealed overruling the exception to jurisdiction over the subject matter and sustaining the exception to the in personam jurisdiction are reversed, and it is ordered that the exception to the jurisdiction over the subject matter is sustained, and the judgment otherwise dismissing the third party demands of Young's Well Service, Inc., and Tri-State Insurance Company against Tommy Earl Young, d/b/a Lewisville Treatment Plant and St. Paul Insurance Company is affirmed. Costs of this appeal are assessed to the third party plaintiffs.
NOTES
[1] Art. 2103. When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.