SHORTESS, Judge.
Kenneth Johnson, a Louisiana resident, was injured in a motor vehicle accident in North Carolina while in the course and scope of employment with Shelton Trucking Service, Inc. (Shelton), a Florida corporation. Johnson brought suit against Shelton and GAB Business Services, Inc., its insurer, (defendants) for benefits under the Louisiana Worker’s Compensation Act, LSA-R.S. 23:1021-23:1379, contending he is totally and permanently disabled as a result of that accident.
Defendants filed a declinatory exception raising the objection of lack of subject matter jurisdiction. The exception was submitted on briefs by agreement of counsel. The trial court overruled the exception, and the matter proceeded to trial. While the matter was under advisement, defendants filed a motion to reconsider the exception. The trial court denied the motion and rendered judgment in favor of Johnson, finding he was totally disabled as a result of the accident and remains totally disabled. The court awarded Johnson enumerated medical expenses and worker’s compensation arrearages and future benefits “until further orders of this court_” Defendants appeal this judgment, contending the trial court erred in overruling the exception and, in the alternative, that the trial court was clearly wrong in finding Johnson is entitled to worker’s compensation benefits and medical expenses.
Unless this case meets the threshold test of subject matter jurisdiction, the merits cannot be considered. We thus must first determine whether the trial court erred in finding the extraterritorial jurisdiction clause of the Louisiana Worker’s Compensation Act applies to Johnson. Welch v. S.J. Groves & Sons Co., 555 So.2d 647, 648 (La.App. 4th Cir.1989), writ denied, 558 So.2d 603 (La.1990).
Louisiana courts have subject matter jurisdiction over worker’s compensation claims arising outside Louisiana if (1) the employee is working under a contract of hire made in Louisiana or (2) the employee’s employment is principally localized in Louisiana. LSA-R.S. 23:1035.1. Johnson contends both that his contract of hire was entered into in Louisiana and that his employment was principally localized here. Defendants dispute these claims.
I. Was Johnson hired in Louisiana?
In determining whether a contract should be regarded as a Louisiana contract in a worker's compensation case, the parties’ intent should be paramount. Among the factors to be considered are the place for performance of the contract, the domicile of the parties, and the nature of the work to be done. Smith v. Liberty Mutual Insurance Co., 473 So.2d 394, 396 (La.App. 3d Cir.1985); Milligan v. Glenburney Nursing Home, 408 So.2d 40, 41-42 (La.App. 3d Cir.1981).
Johnson was hired by Shelton as an over-the-road truck driver. There is no evidence in the record to indicate the parties intended the employment agreement to be a Louisiana contract. Johnson, a Louisiana domiciliary, gave the following testimony regarding his employment by Shelton:
Q Now you applied for the job with Shelton Trucking in Florida, is that correct?
A Yes.
Q And you got the job in Florida?
A Yes.
Q And you got a physical examination by a doctor in Florida when you got the job?
A Yes.
The fact that Johnson was a Louisiana domiciliary when he accepted employment *501 with Shelton is not sufficient to establish a mutual intention of the parties to form a Louisiana contract for hire. Smith v. Liberty Mutual, 473 So.2d at 396. Under the facts and circumstances of this case, we think it clear the contract of employment was not a Louisiana contract. See Boothe v. Universal Tank & Iron Works, 360 So.2d 1371 (La.App. 3d Cir.1978). We thus have subject matter jurisdiction only if Johnson’s employment was principally localized in Louisiana.
II. Was Johnson’s employment principally localized in Louisiana?
The term “principally localized” is not defined in the Louisiana Worker’s Compensation Act. In Stapleton v. Travelers Insurance Co., 359 So.2d 1051, 1054 (La.App. 3d Cir.), writ denied, 360 So.2d 1176 (La.1978), the court stated the critical factor in this determination is the employee’s base of operations, i.e., the center from which he works. Stapleton involved an employee whose job as a dragline operator involved no permanent assignment in any particular state, as did Johnson’s job in this case. In determining Stapleton’s base of operations, the court considered the source of his paychecks, the source of his assignments, and where he sent his weekly reports.
In Patton v. Industrial Commission, 147 Ill.App.3d 738, 101 Ill.Dec. 215, 498 N.E.2d 539 (1986), writ denied, 113 Ill.2d 577, 106 Ill.Dec. 49, 505 N.E.2d 355 (1987), the Illinois court interpreted an Illinois extraterritorial jurisdiction statute identical to LSA-R.S. 23:1035.1 as it applied to an over-the-road truck driver. The court noted:
Over-the-road truck drivers constitute a unique class of employees whose activity, by its very nature, is transient. The fact that a truck driver may spend a significant amount of time in one State does not detract from the essentially transitory nature of the activity in which he engages. Although the quantity of time an employee spends in a single locale may be a factor in the determination of principal localization of employment, it is not controlling.
101 Ill.Dec. at 220, 498 N.E.2d at 544. The court then considered where the facility from which plaintiff received his assignments and was controlled was located, where his paychecks originated, and the amount of time he spent making deliveries in the state of his domicile. The court found that although he spent “a good deal of his time making deliveries” (although less than half his total mileage) in the state of his domicile, that fact and his domicile were not sufficient to confer jurisdiction upon the courts in the state of his domicile because his employment was not principally localized there.
Here, Johnson initially filed an affidavit stating (1) Shelton assigned him a truck which he kept at his home in Louisiana when he was not operating the vehicle, and (2) more than half of the loads he transported either originated or terminated in Louisiana or were loads in intrastate commerce which both originated and terminated in Louisiana. In denying defendants’ exception, the trial court found Johnson’s employment was “principally located” in Louisiana.
At trial, defendants attempted to introduce Shelton’s records, which controvert the allegations made in Johnson’s affidavit. Johnson’s counsel then stated:
I would object to the introduction of these records as it is my feeling that the Court has already ruled on the exception of jurisdiction and no appeal has been timely taken in the matter. It is now final. However, I would not object to the introduction of the records for the purpose that they are the records of Shelton Trucking.
The trial court sustained the objection and refused to consider the records, although it did permit their proffer. The trial court also refused to admit a portion of Johnson’s deposition on the same grounds. Johnson contends these records and his testimony cannot be considered by this court in determining whether Louisiana courts have subject matter jurisdiction because defendants did not appeal the trial court’s initial ruling on defendants’ excep *502 tion. This contention is clearly without merit.
Lack of subject matter jurisdiction may be raised at any time, even on appeal; it is not waived by plea or by trial. Louisiana Code of Civil Procedure article 925; In re Perez, 197 La. 834, 1 So.2d 537 (1941); State ex rel. Clayton v. Jones, 192 La. 671, 188 So. 737 (1939); Raphiel v. Louisiana Railway & Navigation Co., 155 La. 590, 99 So. 459 (1924). Furthermore, the overruling of an exception raising the objection of lack of subject matter jurisdiction is an interlocutory judgment from which no appeal lies. Louisiana Code of Civil Procedure article 2083; Richardson v. Ledbetter, 14 La. 156 (1839).
Because of the prejudicial error of the trial court in excluding Shelton’s business records and Johnson’s deposition testimony, its finding that Johnson’s employment was principally located in Louisiana is entitled to no weight. Buckbee v. United Gas Pipe Line Co., 561 So.2d 76, 85-87 (La.1990). We thus must review the evidence in the record, including the proffered business records and deposition testimony, and determine whether under the totality of the circumstances Johnson’s employment was principally localized in this state.
Johnson testified his paychecks and his work instructions came from Florida, and receipts from loads he delivered or picked up were mailed to Shelton in Florida. Johnson further testified that of the sixty or seventy loads he picked up or delivered while working for Shelton, only three were picked up in or delivered to Louisiana. Shelton’s business records show that during Johnson’s employment with it, Johnson delivered three loads to Louisiana and picked up one load in Louisiana.
When queried about the statements in his affidavit, Johnson testified he meant that he parked his truck at home whenever he went home, and he went home whenever he was passing through or near his hometown while driving the truck. Shelton’s records show that the majority of Johnson’s routes came nowhere near Louisiana. Johnson’s trial testimony was extremely equivocal regarding the number of times he had been home while working for Shelton. In his deposition, however, he testified he was not always able to stop at home when passing through the state. He further testified in his deposition he had been home only seven or eight times while working for Shelton.
Based on this evidence, it is clear Johnson’s employment was not principally localized in Louisiana. The trial court’s finding that Johnson’s employment was “principally located” in Louisiana is clearly wrong, and the court’s finding that it had subject matter jurisdiction over Johnson’s claim under the Louisiana Worker’s Compensation Act is legal error which must be reversed.
In several cases decided by our Third Circuit Court of Appeal under similar facts, plaintiffs' suits have been remanded to the district court to permit the plaintiffs to attempt to amend their petitions to remove the objection to jurisdiction by seeking compensation under the laws of the appropriate state. Smith v. Liberty Mutual, 473 So.2d at 397; Boothe v. Universal Tank, 360 So.2d at 1373-74; Forman v. Deaton, Inc., 347 So.2d 911 (La.App. 3d Cir.1977). However, as the court recognized in Milligan v. Glenburney, 408 So.2d at 42, we can apply another state’s compensation laws only where the administration of that state’s law is compatible with Louisiana procedures and a Louisiana forum can give a claimant complete recovery.[1]
The accident occurred in North Carolina. Johnson’s contract of employment was entered into in Florida. He may have a claim under the laws of either of those states. However, this court has reviewed the worker’s compensation statutes of both North Carolina[2] and *503 Florida.[3] We find that the remedies provided by those states are so intertwined with their procedural laws that a Louisiana court could not fairly resolve the case.
In view of our conclusion that there is no subject matter jurisdiction in this case, we pretermit discussion of the remaining issues raised by defendants on appeal.
For the foregoing reasons, the judgment of the trial court is reversed. Johnson’s suit is hereby dismissed at his costs.
REVERSED AND RENDERED.

. Contra Gray v. Decker, 229 So.2d 156, 158 (La.App. 2d Cir.1969), wherein the court states Louisiana courts have no authority to grant worker's compensation under the provisions of another state’s worker's compensation statutes.

. Worker’s compensation claims in North Carolina are heard by the North Carolina Industrial Commission, an administrative agency of the state charged with the duty of administering the North Carolina Worker’s Compensation Act. *503 N.C.Gen.Stat. § 97-77. The Commission has quasi-judicial functions and has special limited jurisdiction created by statute and confined to its terms. Morse v. Curtis, 276 N.C. 371, 172 S.E.2d 495, 498 (1970). The Commission also has a "summary and simple procedure, distinctly its own_” Greene v. Spivey, 236 N.C. 435, 73 S.E.2d 488, 496 (1952).

. Florida worker’s compensation claims are filed with the Division of Workers’ Compensation (Division) and are assigned for hearing before deputy commissioners, who are appointed by the governor and serve as liaison with the Division. Sections 440.45, 440.50, Florida Statutes. The Division (formerly the Industrial Relations Commission) exists and operates under a grant of quasi-judicial power from the Florida legislature supplemented only by rules of practice and procedure applicable to it and adopted by the Florida Supreme Court. Farrell v. Arnica Mutual Insurance Co., 361 So.2d 408, 410 (Fla.1978). It is not a court. Article V, § 1, Florida Constitution. The special rules adopted by the Florida Supreme Court to govern worker’s compensation claims can be found at In re Florida Workers’ Compensation Rules of Procedure, 374 So.2d 981 (Fla.1979).