408 So.2d 40 (1981)
Margaret J. MILLIGAN, Plaintiff-Appellant,
v.
GLENBURNEY NURSING HOME & Travelers Insurance Co., Defendant-Appellee.
No. 8573.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
Roy S. Halcomb, Ferriday, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendant-appellee.
*41 Lunn, Irion, Switzer, Johnson & Salley, Frank M. Walker, Jr., Shreveport, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOUCET, Judge.
This is a workmen's compensation conflicts of law case. The plaintiff's employment is principally localized in Mississippi and it is there that the injury occurred. The trial judge found the contract of hire to have been made in Mississippi and accordingly dismissed plaintiff's demands for Louisiana workmen's compensation benefits due to a lack of subject matter jurisdiction. Plaintiff appeals. We affirm.
Plaintiff is a nurse's aide residing in Concordia Parish, Louisiana. The Glenburney Nursing Home is situated in Natchez, Mississippi, right across the Mississippi River from Concordia Parish. One of plaintiff's friends who was employed by the nursing home brought to plaintiff an application form for employment with the nursing home. Plaintiff filled out the application form in Louisiana, and subsequently an interview was arranged, plaintiff went to the nursing home, and additional papers were signed there. Employment was agreed upon, except that plaintiff's first day of employment could not be determined at the time because she was still on a private duty job in Concordia Parish, which was about to end. Thereafter, plaintiff was called at her home in Louisiana and informed of her beginning day on the new job. When and where the contract of hire was consummated is disputed by the parties.
Plaintiff allegedly suffered a work-related accident at the nursing home on or about April 20, 1979 and this suit followed. Originally named as defendants were Glenburney Nursing Home and Travelers Insurance Company as their Mississippi workmen's compensation carrier. It was later developed that the former was a mere trade name (nonentity), and that the operation was in fact owned by Mississippi Extended Care Center, Inc., a Mississippi Corporation doing business in Mississippi, Louisiana and Tennessee. In a supplemental petition plaintiff made Mississippi Extended Care, Inc. a party defendant, and additionally named their Louisiana workmen's compensation carrier, Fidelity and Casualty Insurance Company, as defendant. All defendants excepted to plaintiff's petition. The trial judge sustained said exceptions being of the belief that neither of the requirements of LRS. 23:1035.1(1)[1] were met inasmuch as the defendant's employment was located entirely in the State of Mississippi and the contract of hire was consummated in the State of Mississippi. We find that these factual determinations are supported by both the evidence and jurisprudence, therefore we affirm.
In determining whether a contract should be regarded as a Louisiana contract or that of another state in workmen's compensation cases, the parties' intent should be paramount. McKane v. New Amsterdam Casualty Co., 199 So. 175 (La.App.Orl. 1940), cert. denied. Boothe v. Universal Tank & Iron Works, Inc., 360 So.2d 1371 (La.App. 3rd Cir. 1978). Among the factors to be considered in determining that intent include the place for performance of the contract,[2] the domicile of the parties,[3] and *42 the nature of the work to be done.[4]
Appellant places reliance upon Stapleton v. Travelers Ins. Co., 359 So.2d 1051 (La. App. 3rd Cir. 1978) where this court dealt with an injury which occurred out of state to an employee who had spent only about three months of his employment in Louisiana and the rest out of the state. In finding that his employment was principally localized in Louisiana we observed that the employee's salary was paid from an office within this state, his work vehicles were registered and licensed here; he received travel expenses from the Louisiana office for travel to the out-of-state locations; and all of his weekly job reports were filed with the Louisiana office. None of these circumstances appear in the present case.
The result reached herein is in accord with prior decisions of this court such as Thibodeaux v. King-Wilkinson, Inc., 386 So.2d 189 (La.App. 3rd Cir. 1980), and Boothe v. Universal Tank and Iron Works, Inc., supra. In Thibodeaux a friend advised plaintiff that employment might be available with the defendant company in Houston. He received a phone call from Houston suggesting employment and subsequently traveled there to sign a written contract of employment. This court concluded that such was not a Louisiana contract. Similarly, in Boothe, the plaintiff had placed a brief telephone call from this state to the employee seeking information on job openings, then left the state to negotiate further and sign the employment contract. We stated "There is no indication that either the employer or employee ever intended the contract to be a Louisiana contract." Here, also, the plaintiff seeks to characterize the employment agreement as a Louisiana contract, however, there is no indication that such was the intent of the parties. Indeed the plaintiff stated during testimony that she was hired at the interview in Mississippi; only the beginning work day remained to be decided. Nothing subsequent thereto indicates the relationship had been transferred to another state.
Although in Boothe v. Universal Tank & Iron Works, Inc., supra, we remanded the case to allow the plaintiff therein to attempt an amendment to his petition in order to seek recovery under the compensation laws of the appropriate state, we do not think that procedure is proper here. Only where the administration of another state's law is compatible with Louisiana procedures and a Louisiana forum can give a claimant complete recovery will Louisiana courts apply another state's compensation law. Woodham v. Travelers Ins. Co., 161 So.2d 368 (La.App. 3rd Cir.), cert. denied, 246 La. 88, 163 So.2d 360 (1964); Jerry v. Young's Well Service, 375 So.2d 186 (La. App. 2nd Cir. 1979). This Mississippi remedy is so intertwined with Mississippi procedure that a Louisiana court could not fairly resolve the case. Woodham v. Travelers Ins. Co., supra; Mattel v. Pittman Construction Co., 174 So.2d 141 (La.App. 2nd Cir. 1965). Furthermore, this is not a case of forum non conveniens, vis-a-vis the plaintiff having to bring suit in a distant state, as was the case in Smith v. Globe Indemnity Co., 243 So.2d 882 (La.App. 1st Cir. 1971), since the plaintiff resides across the Mississippi River from the defendant employer.
For the reasons assigned, the judgment of the trial court is affirmed. All costs to be borne by appellant.
AFFIRMED.
NOTES
[1] § 1035.1 Extraterritorial coverage

(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
[2] Cobb v. International Paper Co., 76 So.2d 460 (La.App. 2nd Cir. 1954); Gray v. Decker, 229 So.2d 156 (La.App. 2nd Cir. 1969).
[3] Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3rd Cir.), cert. denied, 247 La. 613, 172 So.2d 700 (1965).
[4] Abood v. Louisiana Oil Refining Corp., 155 So. 484 (La.App. 2nd Cir. 1934).