499 So.2d 947 (1986)
James H. JARRELL, Plaintiff-Appellant,
v.
EMPLOYERS CASUALTY INS. CO., et al., Defendants-Appellees.
No. 85-38.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Writ Denied December 12, 1986.
Chris Smith, III, Leesville, for plaintiff-appellant.
Elizabeth E. Foote, of Percy, Smith, Foote & Honeycutt, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
This appeal involves the extraterritorial application of our worker's compensation law. The trial judge concluded that the plaintiff's contract of hire was not made in Louisiana and dismissed the suit. Having carefully reviewed the record, we agree with his decision and affirm, adopting as our own the following written reasons assigned by the district judge:
"Plaintiff sued for worker's compensation benefits as a result of injuries allegedly sustained in Port Arthur, Texas. A resident of Vernon Parish, Louisiana, plaintiff had been employed by the defendant Texas employer to perform work in the State of Texas. Defendants filed an exception to the jurisdiction ratione materiae and ratione personae.
"Under R.S. 23:1035.1, such action may be brought:
(1) If the employment is principally localized in this state, or
(2) If the employee was working under a contract of hire made in Louisiana.
It is undisputed herein that the employment was not "localized" in Louisiana; to the contrary, it was to be performed exclusively in Texas. The only issue is whether the contract of hire was effected in Louisiana.
"The evidence adduced on trial of the exception showed that the employer herein notified Local 22 in Pasadena, Texas, of its need for certain workers. Local 22, presumably having an insufficient number of local available workers, communicated with Local 112 in Lake Charles, Louisiana, of which plaintiff was a member. A business agent of 112 informed plaintiff of the job opportunity in Texas. According to instructions he then reported to Local 22 in Pasadena and by the Texas Local was then instructed as to when and where to go in order to work. The employee became affiliated with Local 22. After completing the necessary W-2 forms, Mr. Jarrell was employed by the defendant, American Insulation. Its president, Mr. Bethel, testified that, although the workers sent to them by Local 22 pursuant to such a request as was involved herein are routinely employed, there is no contractual obligation to do so and that they may be rejected. He admitted, on cross examination, that to do so would be highly unlikely and that there would have to be some justification for the *948 refusal to accept such a prospective employee.
"Plaintiff relies on, among others, the decisions in Mattel v. Pittman Construction Co. 248 La. 540, 180 So.2d 696 (1965) and Wilson v. Gulf Ins. Co. 431 So.2d 1095 (3rd Cir.1983).
"In Mattel the Court found that the employer, a Delaware Corporation with offices in New Orleans, had allowed a union official in New Orleans to act in such a manner as to be considered its agent, and that the hiring was done in New Orleans prior to plaintiff's departure to Mississippi where he was subsequently injured.
"In Wilson, similarly, the Texas employer, Pittman, was held to have clothed a driller with apparent authority to hire his own crew to work near Tyler, Texas. The driller, Leslie Smith, engaged the services of three persons in Louisiana as members of his crew (among whom was Wilson, subsequently injured), and later was contacted by Pittman who told him when he and his crew members could report to work. On arriving in Tyler and even before filling out any application forms they were furnished hats, stickers and gloves and then accompanied a tool pusher to inspect the rig on which they would work. Under these circumstances the Court held that the employer had clothed Smith with the authority to hire and that the hiring of Wilson had been consummated in Louisiana.
"The facts in these cases are inapposite to the facts of this case. There is no evidence herein that the employer granted the Lake Charles Local, or any official thereof, authority to hire, express or implied. A case which is less distinguishable on its facts is that of Milligan v. Glenbury Nursing Home 408 So.2d 40 (3rd Cir.1981), involving a nurse from Concordia Parish whose services were rendered in Natchez, Mississippi, where she was allegedly injured. In that case the employer called the plaintiff at her home in Louisiana to inform her of the beginning date for the reason that as of the date of the interview in Mississippi, she was still obligated to perform certain private nursing duties. In the present case there was no call at all from the employer. As I view it there was more basis for the Court to allow the Milligan case to be litigated in Louisiana than this pending case. The Court held therein, however, that the contract of hire was consummated in the Mississippi.
"For these reasons the exception will be maintained."
The court costs are assessed to appellant.
AFFIRMED.