DECUIR, Judge.
This is a worker’s compensation case involving the extraterritorial application of our worker’s compensation law. Henry W. Miller allegedly injured his back on June 12, 1989, during his employment with S.W. Rodgers Co., Inc. Compensation benefits were terminated on April 1, 1991, and Mr. Miller filed a claim seeking benefits pursuant to the Louisiana Worker’s Compensation Act. Defendants, S.W. Rodgers Co., Inc. and its compensation carrier, PMA Group, filed exceptions of lack of subject matter and personal jurisdiction and improper citation and service. The hearing officer granted defendants’ exceptions, dismissing plaintiffs claim with prejudice. Plaintiff appeals. We affirm.
Defendants contend in their exception that plaintiff was hired in Virginia to perform work in Virginia and therefore Louisiana law *1378 is inapplicable. Defendants further contend that neither defendant has any contacts with Louisiana and therefore Louisiana courts lack jurisdiction over defendants.
The record reflects the application for employment was signed in Virginia. At the time Mr. Miller completed the employment application, he resided in Charleston, West Virginia. The accident complained of occurred in Virginia. After the accident, plaintiff moved to Louisiana where he received medical treatment. Benefits were mailed to Mr. Miller in Louisiana. We note that there is no evidence that either defendant is authorized to do business in Louisiana. Although plaintiff argues in brief that he was informed of work in Virginia while residing in Louisiana, there is no evidence that defendant contacted plaintiff in Louisiana to work in Virginia. The record is devoid of any evidence that the contract of employment was consummated in Louisiana. The first evidence of any contact between Mr. Miller and S.W. Rodgers is the employment application which indicates plaintiffs residence to-be Charleston, West Virginia.
After review of the record, we find no error on the part of the hearing officer. Under R.S. 23:1035.1 an action for compensation benefits may be brought if the employment is principally localized in Louisiana, or if the employee was working under a contract of hire made in Louisiana. We conclude that this case fails to meet the threshold test of subject matter jurisdiction pursuant to LSA-R.S. 23:1035.1. Jarrell v. Employers Cas. Ins. Co., 499 So.2d 947 (La.App. 3rd Cir.1986), writ denied 501 So.2d 199.
Affirmed. Costs of appeal are assessed to plaintiff-appellant.