665 So.2d 828 (1995)
Paul LAKVOLD
v.
STEVENS TRANSPORT.
No. 95 CA 0866.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Leonard Cardenas, III, Baton Rouge, for Plaintiff-Appellant.
Joseph F. Clark, Jr., New Orleans, for Defendant-Appellee.
Before LeBLANC, WHIPPLE and FOGG, JJ.
FOGG, Judge.
This workers' compensation action was dismissed pursuant to the granting of a declinatory exception raising the objection of lack of jurisdiction over the subject matter filed by the defendant. For the following reasons, we reverse.
In October of 1993, Paul Lakvold attended a four-week course at the Diesel Driving Academy in Baton Rouge, Louisiana. During that time, several trucking companies conducted on-site recruiting presentations. Larry McDaniel, a field recruiter for Stevens Transport, conducted a recruiting presentation for that company. During the presentation, *829 McDaniel discussed the trucking industry and the differences between Stevens Transport and other trucking companies. McDaniel testified that he also discussed wages or rate of pay, hiring procedures and minimum qualifications.
Subsequently, Lakvold filed an application for employment with Stevens Transport and was notified by telephone to come to Dallas, Texas for orientation. After successfully completing the orientation, he continued with the program for new drivers. On February 14, 1994, while driving a tractor in New Jersey for Stevens Transport, Lakvold allegedly suffered a stroke due to extraordinary work-related stress.
On July 5, 1994, Lakvold filed, in the Louisiana Office of Workers' Compensation Administration, a disputed claim for compensation against Stevens Transport, seeking disability benefits and medical benefits under the Louisiana Workers' Compensation Statute, LSA-R.S. 23:1021 et seq. Stevens Transport responded by filing a declinatory exception raising the objection of lack of subject matter jurisdiction, contending Lakvold's employment was neither principally localized in Louisiana nor was he working under a contract of hire made in Louisiana as required by LSA-R.S. 23:1035.1.
On January 4, 1995, a hearing officer for the Office of Workers' Compensation Administration conducted a hearing on the exception. Upon determining that the contract to hire took place in Texas, she rendered judgment sustaining the exception and dismissing the claimant's action with prejudice. Lakvold appeals that judgment, contending the hearing officer erred in finding Louisiana lacks subject matter jurisdiction.
LSA-R.S. 23:1035.1(1) provides for coverage by the Louisiana Workers' Compensation Statute of some injuries that occur outside the state of Louisiana, as follows:
§ 1035.1 Extraterritorial coverage
(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
The sole issue on appeal is whether a contract of hire was made in this state. In determining whether a contract should be regarded as a Louisiana contract or that of another state in workers' compensation cases, the parties' intent should be paramount. Chance v. Fidelity & Casualty Company of New York, 509 So.2d 593 (La.App. 3d Cir.1987). Some of the factors to be considered in determining the parties' intent include the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated. Milligan v. Glenburney Nursing Home, 408 So.2d 40 (La.App. 3d Cir.1981).
In the instant case, Stevens Transport required Lakvold to attend orientation in Texas. Lakvold's employment with Stevens Transport required him to drive a truck throughout the United States and the accident for which he seeks compensation occurred in New Jersey. These facts are insufficient to ascertain the intent of the parties. Therefore, we must consider whether the contract was actually formed in Louisiana.
Lakvold was contacted in Louisiana by a recruiting representative of the defendant who solicited Lakvold's employment by describing the job requirements, the wages and the job qualifications. Lakvold was given a job application which he completed in Louisiana on October 4, 1993. The defendant called Lakvold by telephone in Louisiana on October 21, 1993 to advise him of the acceptance of the employment application. Subsequently, the defendant called Lakvold by telephone and instructed him to get his blood pressure checked in connection with the employment. While still in Louisiana, Lakvold received another call from the defendant advising him to report to the defendant's terminal in Dallas, Texas to undergo orientation and training. The defendant sent money to *830 Lakvold to cover his travel expenses to Texas; Lakvold picked up that money at a Louisiana truck stop. During the middle of the orientation week, Lakvold signed a document in which he was advised that his employment could be terminated. In the middle of the orientation week, Lakvold completed an employee benefit plan and medical enrollment form. Lakvold testified that he believed he was hired when Stevens Transport contacted him in Louisiana and advised him that it had accepted his application. He stated that he rejected another job offer because he believed the job with Stevens Transport was a certainty.
Stevens Transport contends that McDaniel and the other employees with whom Lakvold spoke did not have the authority to hire drivers; therefore, Lakvold could not have been hired in Louisiana. Several employees of Stevens Transport testified that McDaniel did not have the authority to hire drivers and that drivers are only hired in Dallas after successful completion of the one-week orientation. Also, the vice president of risk management testified that only Mitchell Moore, the safety director, had the authority to hire or fire any employee of Stevens Transport. This evidence is, however, not dispositive of the issue. Lakvold cannot be charged with knowledge of the employer's internal personnel procedures when his knowledge of the defendant company was limited to a few conversations, none of which concerned the internal procedures of Stevens Transport. Lakvold had no reason to believe there were limitations on these employees' authority to hire. His claim that he was hired when his application was accepted is supported by Stevens Transport's action in sending money to cover his travel expenses to and living expenses during the orientation. We find that Stevens Transport clothed its employees with the apparent authority to hire Lakvold and cannot now rely on the assertion that their authority was limited. Cf. Wilson v. Gulf Insurance Company, 431 So.2d 1095 (La.App. 3d Cir.1983).
Stevens Transport further contends Lakvold could only work as a driver once he successfully completed the requirements of the United States Department of Transportation, some of which were included in the orientation session; therefore, he was not hired prior to the completion of the orientation. It is clear that based on Lakvold's training and application Stevens Transport foresaw no impediments to Lakvold's ability to comply with the requirements. It is also noteworthy that, although there is testimony that some individuals do not complete the orientation, the record is void of any substantial evidence that Stevens Transport ever rejected a person under the circumstances of this case.
We find that reasonable and legitimate employment expectations were created by the defendant's conduct before Lakvold travelled to Texas. The defendant's actions were such as it became apparent to Lakvold that he was hired by individuals with the power to do so. This conclusion was both reasonable and made in good faith. The additional paperwork completed in Texas was merely a formality necessary for payroll and insurance purposes. His employment began at the time his application was accepted by Stevens Transport. We conclude, therefore, that the hearing officer erred in finding the contract of hire was not made in Louisiana.
For the foregoing reasons, the judgment of the trial court is reversed and the exception of lack of subject matter jurisdiction is denied. The case is remanded to the Office of Workers' Compensation Administration for further proceedings. Costs of this appeal are assessed against Stevens Transport.
REVERSED AND REMANDED.