673 So.2d 1091 (1996)
Robby ROBINSON
v.
INDEPENDENT FREIGHTWAY.
No. 94-CA-786.
Court of Appeal of Louisiana, Fifth Circuit.
April 16, 1996.
Writ Denied June 21, 1996.
*1092 Delbert G. Talley, Covington, for plaintiff-appellant.
Christopher M. Landry and Blue Williams, Metairie, for defendant-appellee.
Before GAUDIN and CANNELLA, JJ., and REMY CHIASSON, J. Pro Tem.
GAUDIN, Judge.
Robby Robinson appeals the dismissal of his claim for workmen's compensation benefits because (1) his employment was not principally localized in Louisiana and (2) he was working for an Illinois company and under a contract of hire made in Illinois. We affirm; in dismissing Robinson's petition, the trial judge correctly relied on R.S. 23:1035.1(1)(a)(b).
Robinson was injured on July 18, 1992 when he fell from the fender of his truck in the state of New Mexico.
In his reasons for judgment, the trial judge stated, in pertinent part:
"All right, gentlemen. It is my understanding that Mr. Robinson alleges that he is a resident of the State of Louisiana and that his employer, Independent Freightway, is a long-distance trucking company headquarter in Rockford, Illinois, which operates throughout the lower 48 states and Canada. It's my understanding that Independent Freightway has a fleet of approximately 2,000 trucks.
"In October of 1991 Mr. Robinson submitted an application for employment to Freightway in Rockford, Illinois, and offered to provide services as a long-distance, over-the-road truck driver to Freightway. On November 19, 1991 in New Orleans, Louisiana, employee took and passed both a written test and a road test as required by Federal law.
"Employee also underwent both a United States Department of Transportation drug screening and physical with Jim Smith in Harahan, Louisiana. After passing all of the above tests, employer accepted the employee's offer to provide services.
"Under the terms of employee's contract of hire with Freightway, employee was dispatched for load assignments from the State of Illinois. The employee returned all the load documents and trip documents to the State of Illinois. The employee received his paychecks from the State of Illinois.
"While employed by Freightway, the employee operated throughout the 48 states without any area of concentration. *1093 According to the employee's trip reports, which he personally signed, the employee spent less than 5 percent of his time in the State of Louisiana.
"On July 18, 1992 the employee was injured in the State of New Mexico, and he has filed a disputed claim for compensation form in the State of Louisiana.
"The Louisiana Workers' Compensation court may not assert jurisdiction over this claim because none of the jurisdictional requirements of Louisiana's Workers' Compensation Law Revised Statute 23:1035.1 are met.
"Revised Statute 23:1035.1 provides extraterritorial coverage to an employee injured while working outside the territorial limits of the State of Louisiana. The employee alleges that his injury occurred in New Mexico, which, of course, is outside the territorial limits of the State of Louisiana. Therefore, Revised Statute 23:1035.1 would be the applicable statute for determining whether the State of Louisiana has jurisdiction over this claim.
"The employee's employment with Freightway was not principally localized within the State of Louisiana and therefore the requirement of Revised Statute 1035.1 is not met.
"The employee cannot meet the first element of R.S. 1035.1, that employment be principally localized within the State of Louisiana ...
"In finding employment was principally localized in the State of Louisiana, the Court took into account the facts: (1) employee's salary was paid from a Louisiana office; (2) work vehicles were registered and licensed in the State of Louisiana; (3) travel expenses were paid from the State of Louisiana; and (4) weekly job reports were filed in the State of Louisiana ...
"The second element of Revised Statute 1035.1, requiring the employee to be working under a Louisiana contract of hire, also cannot be met by the employee ...
"The employee submitted his application for employment to Freightway in Rockford, Illinois. Under Federal law, all truck drivers must pass a United States Department of Transportation physical before commencing employment with an over-the-road trucking department. The employee submitted to and passed the Department of Transportation certification physical in the State of Illinois.
"Under Federal law, all truck drivers must pass a drug screening before commencing employment with an over-the-road trucking company. The employee submitted to the federally mandated drug screening in New Orleans or Harahan.
"Under Federal law, all truck drivers must pass a road test before commencing employment with an over-the-road trucking company. The employee also submitted to the federally mandated road test in Louisiana.
"Under Federal law all truck drivers must take a written test before commending employment with an over-the-road trucking company. The employee submitted to the federally mandated written test in Harahan.
"Upon receipt of all of the above information, Freightway accepted the employee's offer to provide services while he was in Louisiana and they were in Illinois. He signed the contract in Louisiana. The contract was not signed by Freightway until it reached Illinois. Therefore, the acceptance of the contract occurred in Illinois and gave rise to an Illinois contract of hire.
"The Louisiana Workers' Compensation Court, therefore, lacks jurisdiction over the employee's alleged workplace injury because by employee's own allegation the alleged injury occurred outside of the State of Louisiana; the employment was not principally localized in the State of Louisiana; the contract of hire was not a Louisiana contract of hire; and the parties did not intend a Louisiana contract of hire."
Our careful examination of the record shows that it is fully supportive of the trial judge's findings and conclusion.
Robinson did sign his contract of employment in this state. The document was then faxed to Rockford, Illinois, where the contract was signed by a company official and accepted. This alone cannot vest Louisiana's *1094 compensation court with jurisdiction considering these facts:
(1) Robinson returned all load documentation to Illinois on a weekly basis,
(2) all paychecks were mailed from Illinois,
(3) almost all of Robinson's driving was from Virginia and/or the Carolinas to California (less than four per cent in Louisiana),
(4) fewer than five per cent of Robinson's loads originated in this state and
(5) Robinson's truck had an Illinois license plate.
After being processed in Louisiana and after taking several tests in this state, Robinson had no further connection to or association with the Illinois company in Louisiana.
We cannot say that the trial court judgment is inappropriate.
AFFIRMED.