[iHIGHTOWER, Judge.
Seeking recovery under the Louisiana Worker’s Compensation Statute, La.R.S. 23:1021, et seq., a domiciliary of this state appeals the dismissal of his claim for lack of subject matter jurisdiction after the hearing judge found the employment contract to have been instituted in Texas. We affirm.

Facts and Procedural History

Beginning in approximately July 1993, Harlan Martin worked for a Texas employer, Southwest Moving and Delivery Company (“Southwest”). On August 18, *1353 1995, he allegedly injured his back while making a delivery in California. Contending, nevertheless, that his employment contract had been perfected within the state of Louisiana, Martin initiated this action against Southwest to recover benefits before the Worker’s Compensation Administration here. Defendant challenged that tribunal’s subject matter jurisdiction over the claim.[1]
After considering the evidence presented and the arguments of counsel, the hearing judge concluded that Martin’s deposition and affidavit failed to create material issues of fact and that the employment contract had been consummated in Texas rather than Louisiana. Accordingly, the court granted summary judgment dismissing plaintiffs claim. This appeal ensued.

Discussion

A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Regarding the burden of proof anent a summary judgment motion, the legislature recently amended La.C.C.P. art. 966 for the purpose of clarifying Acts 1996, 1st Ex.Sess., No. 9, and statutorily overruling all cases ^inconsistent with Hayes v. Autin, 96-287 (La.App. 3d Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La. 03/14/97), 690 So.2d 41. See Acts 1997, No. 483.[2]
As indicated by the Hayes decision (as well as the denoted recent amendments), the jurisprudential inclination against granting summary judgment has been eliminated. In effect, the enacted changes have “leveled the playing field” for the litigants, Hayes, supra, so that documentation submitted by the two parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. The indicated procedural amendments serve to bring Louisiana’s standard for summary judgment closely in allignment with Federal Rule of Civil Procedure 56. Id. In fact, summary judgment is today favored to secure the just, speedy, and inexpensive determinations of all except certain disallowed actions. La.C.C.P. art. 966A(2).
Incorporating the federal approach, La.C.C.P. art. 966 now states that if the movant points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La.C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence establishing that material facts are still at issue. Bockman v. Caraway, 29,436 (La. App.2d Cir. 04/02/97), 691 So.2d 815.
As an appellate court, we review summary judgments de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Bockman, supra; Gleason v. State Farm Mutual Automobile Insurance Company, 27,297 (La.App.2d Cir. 08/23/95), 660 So.2d 137, writ denied, 95-2358 (La. 12/15/95), 664 So.2d 454.
^Regarding extraterritorial jurisdiction over worker’s compensation matters, La.R.S. 23:1035.1 provides that an employee injured while working outside this state shall be entitled to Louisiana compensation benefits “provided that at the time of such injury (a) his *1354 employment is principally localized in this state, or (b) he is working under a contract of hire made in this state.” The deposition and affidavits submitted in conjunction with the summary judgment motion clearly establish that Martin’s job as a truck driver mainly consisted of trips between Houston and California. He occasionally made short drives to Louisiana, but those excursions certainly did not constitute a principal part of his employment, nor does plaintiff even so contend.
Thus, the sole question presented is whether the contract of hire occurred in this state. In resolving whether an agreement in a worker’s compensation case should be regarded as a Louisiana contract or that of another state, the parties’ intent should be paramount. Lakvold v. Stevens Transport, 95-0866 (La.App. 1st Cir. 12/15/95), 665 So.2d 828; Smith v. Liberty Mutual Ins. Co., 473 So.2d 394 (La.App. 3d Cir.1985). Some of the factors to be considered in determining that intent include the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated. Id.
As shown by the submitted affidavits and deposition, Martin has been a resident of Shreveport, Louisiana for many years. Southwest, however, is a Texas business engaged in interstate delivery of residential furniture. Plaintiffs regular route began at the company’s home base in Houston with destinations throughout the state of California.
Before becoming one of defendant’s employees, Martin worked for a trucking company in north Louisiana. While making a delivery to Orlando, Florida for that organization, he first met Fu-Ming Kuo, the owner and operator of Southwest. According to plaintiffs deposition and subsequent affidavit, the two men discussed the possibility of Martin’s employment at Southwest, including the amount Kuo would be willing to pay. After his return to Louisiana, plaintiff decided to pursue defendant’s proposition and telephoned Kuo in Houston. Believing he had successfully procured employment, Martin ^departed for Southwest’s headquarters and defendant “put [him] to work the next day.” Kuo states in his affidavit that all discussions of the employment details, including wages, transpired in Houston. Plainly, neither man places those conversations in this state. Indeed, the only Louisiana contact in the episode rests upon the fact that a Louisiana domiciliary initiated a phone call from this state to a Texas employer.
Under these facts, we find no indication that either the employer or employee ever intended to form a Louisiana contract of hire. Cf. Robinson v. Independent Freightway, 94-786 (La.App. 5th Cir. 04/16/96), 673 So.2d 1091, writ denied, 96-1246 (La. 06/21/96), 675 So.2d 1088; Smith, supra; Boothe v. Universal Tank & Iron Works, 360 So.2d 1371 (La.App. 3d Cir.1978). Consequently, La. R.S. 23:1035.1 does not extend jurisdiction to this California work accident.

Conclusion

For these reasons, the judgment dismissing appellant’s claim is affirmed at his costs.
AFFIRMED.

. Defendant initially filed a pleading entitled “Declinatory Exception of Subject Matter Jurisdiction or, in the Alternative, Motion for Summary Judgment.” When the hearing officer compelled Southwest to choose a single procedural device, the employer chose summary judgment. Even so, the submission of a jurisdictional exception on briefs, affidavits, and depositions is permissible. Johnson v. B & B Electric Contractors, 96-0159 (La.App. 4th Cir. 02/19/97), 689 So.2d 728.

. Being procedural in nature, the 1997 amendments to La.C.C.P. art. 966 are subject to retroactive application. See NAB Natural Resources v. Willamette Industries, 28,555 (La.App.2d Cir. 08/21/96), 679 So.2d 477.