713 So.2d 667 (1998)
Gertrude GRANGER, Plaintiff-Appellee,
v.
F.F.E. TRANSPORTATION SERVICE, Defendant-Appellant.
No. 98-127.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1998.
*668 Christopher C. McCall, Lake Charles, for Gertrude Granger.
Lelia Anne Collier, Lafayette, for F.F.E. Transportation Service.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
SAUNDERS, Judge.
Defendant, F.F.E. Transportation Service, appeals the judgment of the Office of Workers' Compensation, denying its exception of lack of subject matter jurisdiction. For the following reasons, we affirm.

FACTS
In December 1995, Mr. L.C. Ferrier, a representative of F.F.E. Transportation Service, met with plaintiff, Gertrude Granger, who, at the time, was a student at the Lake Charles truck driving school. The purpose of Mr. Ferrier's visit to the school was to recruit drivers for the company, whose headquarters are located in Dallas, Texas.
Mr. Ferrier and Ms. Granger reached an agreement where it was understood, at least by Ms. Granger that she would go to work for F.F.E. Transportation Service. During their meeting, Ms. Granger was informed of the company's training program, as well as the salary she would be paid during training. Subsequently, Ms. Granger sent Mr. Ferrier, who worked in the company's Shreveport office, an application which he forwarded to Dallas. Ms. Granger later received a paid bus ticket from Shreveport to Dallas which provided her with transportation to Texas in order to undergo orientation, training, and other company requirements.
After completing the training program, on January 15, 1996, Ms. Granger was involved in an accident while in the course and scope of her employment. The accident resulted in injuries to her ankle and leg when she slipped and fell on ice while working in Indianapolis, Indiana.
After making a claim for workers' compensation benefits under Louisiana, F.F.E. Transportation Service filed a peremptory exception of lack of subject matter jurisdiction, claiming that since Ms. Granger was not hired in the State of Louisiana, she is not entitled to workers' compensation benefits under the laws of this state.
The workers' compensation judge denied defendant's exception, finding that Ms. Granger was hired in Louisiana for purposes of determining extra-territorial coverage under La.R.S. 23:1035.1. It is this holding which is the sole issue before us on appeal.

LAW AND ARGUMENT
La.R.S. 23:1035.1 states that an employee or his dependents "shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury (a) his employment is principally localized in this state, or (b) he is working under a contract of hire made in this state."
Since it is undisputed that Ms. Granger's employment is not principally located in Louisiana, our only concern is whether she is working under a contract of hire made in this state. The conclusion reached by the workers' compensation judge, as a factual determination, may not be disturbed on appeal in the absence of a showing of manifest error. Ardoin v. City of Mamou, 96-54 (La.App. 3 Cir. 11/20/96); 685 So.2d 294. Under the manifest error standard of review, our task is not to decide whether the factual findings are right or wrong, but whether they are reasonable. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
In denying defendant's exception, the workers' compensation judge stated in her reasons for judgment that:
Granger believed she had been hired by the recruiting representative, L.C. Ferrier. After being recruited, F.F.E. Transportation sent a bus ticket to the Greyhound bus station for Granger. Granger then traveled to Texas to undergo orientation and other company requirements. F.F.E. Transportation clothed its employee, Ferrier, with the apparent authority to hire *669 Granger and cannot now rely on the assertion that his authority was limited.
The workers' compensation judgment cited the case of Lakvold v. Stevens, 95-0866 (La. App. 1 Cir 12/15/95); 665 So.2d 828, which is remarkably similar to the case before us. Both involve truck driving companies recruiting drivers from a Louisiana institution and offering them positions of employment. In both cases, applications were filled out in Louisiana, the offer of employment was made to plaintiffs in Louisiana, and travel expenses were sent to the employees in Louisiana. Additionally, both cases involve injuries which occurred outside of Louisiana.
The defendants in Lakvold, 665 So.2d 828, made the same argument as the defendant in the instant case, i.e., that the claimant was not actually hired in Louisiana, but rather was hired in Texas upon completing orientation. The court in Lakvold found that the plaintiff had a reasonable and legitimate expectation that he was hired before traveling to Texas and that, even if the recruiter did not have the authority to hire, he had apparent authority which was sufficient.
Based on the facts before us, as well as the holding in Lakvold, we find that the workers' compensation judge was clearly reasonable in denying defendant's exception of lack of subject matter jurisdiction. Regardless of whether Mr. Ferrier had actual authority to hire recruits, he obviously had apparent authority which led Ms. Granger to the belief that she was hired before leaving the State of Louisiana.

DECREE
In light of the foregoing, we find that the Office of Workers' Compensation was reasonable in denying defendant's exception of lack of subject matter jurisdiction and affirm its judgment. All costs of this appeal are assessed against defendant, F.F.E. Transportation Service.
AFFIRMED.