779 So.2d 1090 (2001)
Johnny OFFORD
v.
BORDER TO BORDER TRUCKING.
No. 00-1201.
Court of Appeal of Louisiana, Third Circuit.
February 7, 2001.
*1091 Robert A. Dunkelman, Pettiette Armand Dunkelman, Shreveport, LA, Counsel for: Border to Border Trucking.
Barry Jamar Rozas, Rozas & Rozas, Mamou, LA, Counsel for: Johnny Offord.
Court composed of THIBODEAUX, PETERS, and PICKETT, JJ.
PICKETT, Judge.

FACTS
In 1998, Johnny Offord, a Louisiana resident, was employed by Border To Border Trucking Company (Border To Border), based in Edinburgh, Texas. On October 23, 1998, while in Athens Tennessee, Mr. Offord was struck in the head by a door at the warehouse where his truck was being loaded. He sustained injuries to his neck and back. Mr. Offord alleges he continues to suffer headaches, neck and back pain, and tingling in his extremities which prevent him from working.
Mr. Offord filed a disputed claim for compensation with the Office of Workers' Compensation on December 8, 1998. Unrepresented by counsel, Border To Border entered a general denial on February 12, 1999. September 23, 1999, a trial was conducted. Border To Border failed to appear. A judgment was rendered in favor of Mr. Offord on November 1, 1999. The judgment held the following: 1) jurisdiction was proper and Louisiana workers' compensation law controlled this matter; 2) Mr. Offord was injured in the course and scope of his employment; 3) Mr. Offord was eligible for workers' compensation benefits back to the date of the accident in the amount of $367.00 per week; 4) Border To Border was responsible for paying Mr. Offord $2,027.00 as prepayment for an MRI that was recommended by Mr. Offord's treating physician; 5) Mr. Offord was entitled to continued medical and workers' compensation benefits; and 6) Border To Border was arbitrary and capricious in its handling of this claim and was ordered to pay $2,000.00 in penalties and $10,000.00 as an attorney fee.
*1092 It is from this judgment the defendant appeals.

DISCUSSION
The appellant sets forth four assignments of error. In its first assignment of error, the appellant argues the workers' compensation court erred in finding it had proper jurisdiction over this claim and Louisiana law controls. Louisiana workers' compensation coverage, in accordance with La. R.S. 23:1035.1, applies to work-related accidents that occur outside the territorial limits of the state if certain circumstances are present.
La.R.S. 23:1035.1 sets forth:
(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
It is clear that the claimant's employment was not principally localized in this state. Therefore, the issue is whether the claimant was working under a contract of hire made in Louisiana.
To determine whether a contract is to be regarded as a Louisiana contract or that of another state in workers' compensation cases, the intent of the parties is the paramount consideration. Chance v. Fidelity & Casualty Company of New York, 509 So.2d 593 (La.App. 3 Cir.1987). Because there is insufficient evidence in the record to determine the parties intent, however, we must determine whether the contract was actually formed in Louisiana.
Whether the claimant was hired in Louisiana is based on the particular facts surrounding his actual employment. Employees of Border To Border brought an employment application to the claimant in Louisiana. It was filled out in Louisiana. One of these same employees picked the application up from the claimant and returned it to personnel manager Billy Schotts in Edinburg, Texas. Subsequently, Billy Schotts telephoned the claimant at his home in Opelousas and offered him the job. The claimant was transported from Opelousas to Edinburgh, Texas by a Border To Border employee. There he completed the formalities necessary for his employment.
This court has previously addressed the issue of a company recruiting drivers for a truck driving company as it relates to the formation of a contract of hire and whether a Louisiana workers' compensation court ultimately has jurisdiction if that driver is injured out of state. Granger v. F.F.E. Transportation Service, 98-127 (La.App. 3 Cir. 5/13/98); 713 So.2d 667. In Granger, the truck driving company actually had a `recruiter' visit a truck driving school. In Granger, as in the matter before us now, the application was filled out in Louisiana, the offer for employment was made in Louisiana, and the company provided transportation to Texas to comply with the company's final employment requirements. This court found that Ms. Granger had a reasonable belief that she was hired before leaving the State of Louisiana, and the trial court was reasonable in finding Louisiana had subject matter jurisdiction.
The facts before us are strikingly similar to those in Granger. The only difference between the two is the method of recruitment. In Granger, a company `recruiter' made a job offer to Ms. Granger which ultimately led to her employment. In the matter before us, company employees delivered a job application to the claimant, returned it to the company, and subsequent *1093 contact was made to claimant in Louisiana by the personnel manager. This is the uncontroverted evidence.
The appellant argues that because the company employees were relatives of the claimant, their actions in the matter must not be considered. The appellant further argues any call made to the claimant was in response to his solicitation for employment to the company.
The fact that an individual in the recruitment process is a relative does not necessarily exclude him as an individual acting on behalf of and in the interest of the company. There is no evidence that the claimant solicited employment from Border To Border. There is no evidence he spoke to any employee of that company anywhere but in the State of Louisiana. There is no evidence he either contacted anyone in the State of Texas or went to Texas before the personnel manager called him at his home in Louisiana to offer him a job.
When viewing the evidence presented at the hearing as a whole, we cannot say the workers' compensation judge was unreasonable in determining Louisiana has subject matter jurisdiction. Accordingly, this assignment of error has no merit.
The appellant's second assignment of error asserts there was insufficient evidence to find the claimant temporarily totally disabled. A finding that a claimant is temporarily totally disabled is a factual finding by the trial court which may not be set aside in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). A review of the court's ruling reveals the court in fact determined the claimant to be temporarily totally disabled and granted him workers' compensation benefits accordingly. The court had before it the claimant's testimony and his medical records. The trial judge determined the evidence supported a finding the claimant was entitled to TTDs and we cannot say that this conclusion is manifestly erroneous.
The appellant argues that uncontroverted evidence is, in fact, uncorroborated evidence and asks us to determine whether evidence that was uncontested is, in fact, unreliable. This we cannot do. Credibility determinations are the province of the trial court. The appellant was given the opportunity to appear at trial and chose not to do so. We now have before us determinations by the trial judge that are supported by the record. We cannot second-guess the trial court's credibility determinations and set aside findings of fact that are not clearly wrong based on the evidence that is in the record. This assignment of error has no merit.
In its third assignment of error, the appellant argues the trial court erred by awarding the cost of future medical expenses to the claimant. We agree. The trial judge determined that the employer was arbitrary and capricious in denying the employee an MRI recommended by his treating physician. We will not disturb that finding of fact. Further, it is proper that the court order the medical test be allowed. The court can properly order the claimant be reimbursed by the cost of the test. The trial court cannot, however, order reimbursement for a medical test which has not yet been performed.
Accordingly, we amend the judgment of the court and order that the test be performed as recommended by the treating physician and that the appellant pay the cost of that test.
In its fourth assignment of error, the appellant argues the trial court erred by imposing an attorney fee of $10,000.00 based on finding the behavior of the appellant arbitrary and capricious. The appellant argues this fee is excessive, unreasonable, and clearly imposed to penalize the appellant for its perceived conduct. The issue of whether a trial court can consider the bad faith of the employer in determining the amount of attorney fees to impose has been recently determined in an en banc decision of this court. Langley v. *1094 Petro Star Corp. of La., 00-699 (La.App. 3 Cir. 12/29/00), ___ So.2d ___, 2000 WL 1886348. Bad faith and arbitrary and capricious behavior can result in the imposition of a greater attorney fee award. The amount awarded, however, must be reasonable considering all the circumstances in the case including the complexity of the case, the time spent preparing and litigating this matter, as well as the degree of bad faith on the part of the employer. When reviewing this matter as a whole, we conclude the trial court did in fact impose an excessive fee, and we amend the award of attorney fees to $5,000.00.
AFFIRMED AS AMENDED.